# W. A. WALKER et ux. v. A. J. TANNER et ux.—275 S. W. (2d) 958.

Middle Section.  November 5, 1954.

Petition for Certiorari denied by Supreme Court, March 11, 1955.

David W. Shields, Jr., of Manchester, for appellants.

Goodloe Warden, Jr., of Manchester, for appellees.

FELTS, J.  This is a controversy between adjoining land owners over a private roadway between them. The question is, where is their common boundary: whether at the north edge of the road as complainants claim, or in the center of it, subject to an easement or right of both parties to use it as a road, as defendants contend.

The land on both sides of the road was acquired by complainants by deed in 1941. It was then a tract of 6.53 acres, of irregular shape, fronting several hundred feet on the east side of State Highway No. 53 and extending back or eastward several hundred feet to the old Woodbury Road and the land of Mrs. Tom Fowler.

Later in 1941 complainants made this private road across about the center of their tract, extending from Highway No. 53 back or eastward some 340 feet to the old road and the Fowler land. This new road was about 16 feet wide, covered with crushed stone or gravel, with

ditches on either side. Parallel with this road and alongside the ditch on the south side of it, complainants constructed their fence running from the front back to the rear on their property.

Complainants, while maintaining the road in this manner, by deed dated September 10, 1945, conveyed all of that part of their land lying north of this private roadway to defendants, Tanner and wife. They described the land thus conveyed by general boundaries as follows:

"A triangular parcel of land located on State Highway No. 53, and being bounded by State Highway No. 53 on the West, by the old road on the East and by a private roadway leading from Highway 53 to the old road on the South, said tract or parcel containing 3 acres, more or less."

Defendants took possession of this parcel and have occupied it ever since. Early in 1946 they built a residence thereon at the front, a barn and a chicken house in the rear, and a fence from the front to the rear alongside the north ditch of this private road. In their fence near the barn they built a gate opening from their premises onto this road and have regularly used the road in bringing livestock and feeds to and from their barn, without objection from complainants.

On their land and near the intersection of Highway No. 53 and this private road, the defendants, in June and July 1952, erected a concrete block building to be used as an office, plumbing shop, and warehouse, in defendant Tanner's plumbing and heating business. According to photographs and other evidence in the record, the south wall of this building appears to be two or three feet north of the north ditch of this private roadway.

When defendants began this construction complainants filed the bill in this cause, alleging that the boundary line was the north edge of this private road, that defendants had no rights in said roadway but were obstructing the same, and praying that the Court so decree and on final decree enjoin defendants from further obstructing this road.

Defendants filed a demurrer, which was overruled, and an answer denying that they were obstructing this road and averring that under their deed from complainants the boundary was the center line of the road, and that they owned the fee to the center of it, subject to an easement or right in both complainants and defendants to use it as a roadway.

The cause was heard before the Chancellor upon the oral evidence of witnesses introduced in open court. He found in favor of defendants and dismissed the bill. Complainants appealed and insist that the Chancellor should have held that they own the fee to the north margin of the roadway and that defendants have no right therein, and should have found that defendants were obstructing the roadway.

The rights of the parties were fixed by complainants' deed to defendants. The location of the boundary and the rights of each as to this roadway are to be determined from a construction of that deed. In the construction of all writings the cardinal rule is to find the intention of the parties. The intention is to be arrived at from the words of the deed read in the light of the surrounding circumstances. City of Nashville v. Lawrence, 153 Tenn. 606, 610, 284 S. W. 882, 47 A. L. R. 1266.

A reading of the whole of that deed shows that the grantors intended to convey to the grantees the fee in the land included in the description above quoted. As we

have seen, the southern boundary of the land conveyed was defined as being "a private roadway leading from Highway 53 to the old road." This roadway was then an existing road and was being maintained then as it has been ever since.

It is a general rule that a grant of land bounded on a road conveys to the grantee title in fee to the middle line or center of the road, subject to the easement, if the grantor owned so far and expressed no contrary intent. Reeves & Co. v. Allen, 101 Tenn. 412, 47 S. W. 495; Vanderbilt University v. Williams, 152 Tenn. 664, 659, 280 S. W. 689; City of Nashville v. Lawrence, 153 Tenn. 606, 611, 284 S. W. 882, 47 A. L. R. 1266; Sawtelle v. Astor, 23 Tenn. App. 33, 46, 126 S. W. (2d) 367.

"'It is the established rule that a conveyance of land bounded on a street or highway carries with it the fee to the center thereof, subject to the easement of public way, provided the grantor at the time owned to the center and there are no words of specific description to show a contrary intent. In such case the street or highway is regarded as the boundary or monument, and the purchaser takes to the middle of the monument as part and parcel of the grant. [9 C.J. 195].'" City of Nashville v. Lawrence, supra, 153 Tenn. 611, 284 S. W. 883, 47 A. L. R. 1268.

While there are some cases to the contrary, the great weight of authority is that this rule applies equally and alike to a private road. Talbot v. Massachusetts Mutual Life Ins. Co., 177 Va. 443, 450, 14 S. E. (2d) 335; Daviau v. Betourney, 325 Mass. 1, 88 N. E. (2d) 541; 11 C. J. S., Boundaries, Sec. 43; Annotations: 24 L. R. A., N. S., 539, 18 Ann. Cas. 75; 2 Devlin on Real Estate, 3d Ed., Section 1025a.

"It is an established rule that a conveyance of land bounded by or along an existing way, whether public or private, carries title to the center of the way, subject, of course, to the public use of it as a highway, unless there be something showing an intent to the contrary." 6 Thompson on Real Property (Perm. Ed., 1940), Section 3396.

We think this rule applies and controls in the construction of the deed before us, since there is nothing in this deed to show a contrary intention—nothing to show an intent by the grantors not to convey the fee to the center of this private road, subject to an easement of way or right of both parties to use it as a road.

We also think that the great weight of the evidence supports the Chancellor's finding that defendants did not obstruct this road or in any way interfere with complainants' use thereof.

All of the assignments of error are overruled. The decree of the Chancellor is in all things affirmed. The costs of the appeal are adjudged against appellants and their surety on their appeal bond.

Howell and Hickerson, JJ., concur.