H. M. LISENBEE et ux., Complainants-Appellants, v.
ROBERT L. PARR et ux., Defendants-Appellees.
—465 S.W. 2d 361.

Middle Section. July 31, 1970.

Certiorari Denied by Supreme Court February 1, 1971.

James C. Cunningham, Cunningham & Mitchell, Clarksville, for complainants-appellants.

George R. Fleming, Marks & Fleming, Clarksville, for defendants-appellees.

TODD, J. This is a boundary dispute which the chancellor resolved in favor of the defendants, Robert L. Parr and wife, Gladys M. Parr; and the complainants, H. M. Lisenbee and wife, Carrie B. Lisenbee, have appealed.

The sole assignment of error challenges the chancellor's determination of the location of the disputed boundary, which consists of a 22 foot private driveway between the property of complainants on the east and the property of defendants on the west.

Appendix A is a simplified, unscaled, schematic representation of the area of the controversy and relative location of the private driveway and adjacent tracts.

Complainants insist that the boundaries of the private drive begin at points A, A', proceed northward to points B, B' and from thence to points D, D'. Defendants agree that the private drive should begin at points A, A' and should terminate at points D, D', but inisist that the driveway should bear eastward and pass through points C, C'. Thus complainants insist upon a more westerly route through points B, B'; while defendants insist upon a more easterly course through C, C'. In addition to their agreement upon the location of points A, A', D,

and D', the parties agree upon the location of point L at the northeast corner of Tract 1.

John Lisenbee owned property on both north and south sides of Highway 79 (now abandoned Highway 79). At his death, the heirs of John Lisenbee executed a partition deed whereby H. M. Lisenbee received the property on the *south* side of the highway and other heirs, Ruby, Ira, Ora, Tye and M. R. Lisenbee, hereafter referred to as the Lisenbee heirs, received property on the *north* side of the highway, including all of the tracts involved in this controversy. Tract 3 is *not* claimed by complainants by *inheritance,* but by *purchase* from the other Lisenbee heirs who received it through said partition deed. Both complainants and defendants derive their titles from deeds of said Lisenbee heirs.

On May 27, 1957, the Lisenbee heirs conveyed Tract 1 to Basil W. Lewis and wife. Said tract was surveyed, and its corners were established by iron pins. The location of the northeast corner of Tract 1, marked L on Appendix A, is not in dispute, and certain material measurements are made therefrom. In said deed the northerly boundary of Tract 1 is stated to be 309 feet in length and its easterly boundary is stated to be 808 feet in length.

In May, 1961, the Lisenbee heirs conveyed Tract 2 to Austin and wife by a deed containing the following description:

"Beginning at a stake in the north right of way line of U.S. Highway 79 at the Southeast corner of a tract conveyed by Ruby E. Lisenbee et al. to Basil W. Lewis et ux. by deed recorded in Deed Book 124, Page 17 Register's Office of Montgomery County, Tennessee,

and running thence along the east line of that tract north 9½ west 808 feet, more or less, *to a stake at the northeast corner of that tract; thence on new line east 211 feet, more or less, to an iron pin in the west line of a private drive leading northwardly from said highway; thence along the west side of said private drive southwesterly 653 feet to a stake on the north right of way line of old U.S. 79, now abandoned,* and thence continuing with the west line of said private drive south 132 feet, more or less, to a stake in the north right of way line of said highway; thence west along the north right of way line of said highway 151 feet, more or less, to the beginning, containing 3 acres, more or less, \* \* \*'' (emphasis supplied)

By the foregoing deed, the length of the northerly boundary of Tract 2 was determined to be 211 feet more or less, and a 22 foot private driveway was reserved and located immediately east of the east boundary of Tract 2. Thus, on Appendix A, Point B is the northeast corner of Tract 2 and points A' and B' locate the easterly boundary of said private drive.

By successive conveyances, using the same description, the title to Tract 2 was vested in defendants. This is the front, or southerly part of defendants' property, which adjoins the public highway.

In June 1961, the Lisenbee heirs conveyed Tract 3 to complainants, *H. M. Lisenbee and wife.* The complete description of complainants' tract in said deed was as follows:

"Beginning at an iron pin on the north right of way line of old U.S. Highway 79, now abandoned, and in

the east line of a private drive leading northwardly from the present U.S. Highway 79, *and* running thence along the east side of said private drive north 1,060 feet to an iron pin in Brown's south line; thence with Brown's south line, marked by a fence north 88½ east 512 feet to a corner post at turn of fence, Brown's corner; thence with the west lines of Brown and Lewis, marked by a fence, south 1½ west passing Lewis' northwest corner and a spring at 37 poles, in all 990 feet to an iron pin on the north right of way line of said old highway west 524 feet to the beginning, containing 11.76 acres, * * *'' (emphasis supplied)

The name ''Lewis'' in the preceding description has no relationship to Tract 1, the Lewis tract.

By the foregoing deed, the previously reserved 22 foot driveway was extended northward to the Brown line, where its terminus at points D and D' is undisputed.

In August, 1963, Tract 4 was created when the Lisenbee heirs conveyed same to Wallace. By subsequent deeds Tract 4 was conveyed to defendants Parr and wife. The Wallace deed and subsequent deeds describe Tract 4 as follows:

''Commencing at a stake at the northeast corner of a 3.7 acre tract conveyed by Ruby Lisenbee et al. to Russell Austin et ux. and running with said property south 86 degrees 29 minutes west *284.2* feet to an iron pin, thence south 82 degrees 45 minutes west 307.3 feet with a fence to an iron pin; thence south 1 degree 38 minutes east 255.6 feet to another iron pin; thence south 78 degrees 30 minutes west 535.6 feet to another iron pin; thence north 3 degrees 17 minutes west 1004.1 feet with a fence to another iron pin; thence south 85

degrees 53 minutes east 1127.7 feet with a fence to another iron pin the west edge of a private drive; thence south 50 degrees 07 minutes east 529.3 feet with the west edge of said private drive to the point of beginning, containing 18.6 acres according to a survey made by Lacy C. Batts, surveyor, June 11, 1963.'' (emphasis supplied)

In the foregoing description, the northeast corner of the Austin tract (Tract 2) is assumed to be 284.2 feet east of the Lewis corner (L) whereas the Austin deed, supra, locates the northeast Austin Corner 211 feet more or less east of point L. In the foregoing description, the first call of 284.2 feet is the same line as the northerly boundary of the Austin tract which line is established as 211 feet more or less by the Austin deed, supra. This discrepancy in measurement between the Austin deed to Tract 2 and the Wallace deed to Tract 4 is the origin of the present controversy.

Although the Lisenbee heirs were named grantors in the Wallace (Tract 4) deed, said deed contained the following provision:

We, PEARL SHEPHERD, L. L. LISENBEE, and HORACE M. LISENBEE, join herein for the purpose of consenting to this conveyance and in order to waive and release all of our rights in and to the property herein conveyed by reason of any of the terms and provisions set out and provided in said partition deed recorded in Deed Book 102, page 464 in the Register's Office of said county.''

Complainant, H. M. Lisenbee, joined in executing said deed.

█ When the Lisenbee heirs undertook to convey Tract 4 to Wallace, they had previously reserved a 22 foot private driveway with its westerly boundary passing through points A, B and D, with its easterly boundary passing through points A', B' and D'; and they had conveyed to complainants, H. M. Lisenbee and wife, all of the property lying east of the private driveway. Therefore, the Lisenbee heirs had no right to convey to Wallace any land east of the line A-B-D, and any effort, intentional or unintentional, to convey to Wallace any land which encroached upon the private drive, previously located and reserved by deeds, or upon the land previously described and conveyed to complainant by deed, was and is ineffective. The easterly boundary of Tract 4 must be and is the westerly boundary of the previously established private drive, which proceeds through the northeast corner of Tract 2, point B, which is 211 feet more or less east of the northeast corner of Tract 1.

█ If a grantor conveys property, part of which belongs to the grantor and part of which belongs to another, the deed is good as to the property owned by the grantor and a mere nullity as to the property not owned by the grantor. Richards v. Ewing, 30 Tenn. 327, 328 (1850).

█ The fact that one of the complainants, Horace M. Lisenbee, joined in the Wallace deed, for the purpose set out in the portion of the deed quoted above, will not enlarge the dimensions of the property conveyed. The purpose of the participation of Horace M. Lisenbee in signing said deed is clearly stated to be the relinquishment of any supposed residual interest he might have retained in the lands of his father because of or in spite of the said partition deed. As stated, Complainants Li-

senbee and wife claim Tract 3 as purchasers and not as heirs. Therefore any consent or waiver of rights relating to the interests of heirs settled by a partition deed could have no reference to property which had been purchased subsequent to the partition deed.

■ In the construction of a deed, the intention of the parties to be arrived at from the words of the deed read in the light of the surrounding circumstances. Walker v. Tanner, 38 Tenn.App. 437, 275 S.W.2d 958 (1954).

Complainant, H. M. Lisenbee, testified that he was unaware of the erroneous description (284.2 feet) which encroached upon Tract 3 and that he had no intention of conveying a part of Tract 3 which belonged to him and his wife. The words of the deed are consistent with this insistence and other circumstances related hereafter are consistent with the same. Thus the words of the deed, read in the light of the surrounding circumstances negative any intent to encroach upon Tract 3.

On November 22, 1966, the cause came on for oral hearing before the chancellor. After hearing part of the testimony of complainant, H. M. Lisenbee, it was agreed that the court should order a survey of the properties of the parties; and the trial was recessed for this purpose.

On November 14, 1968, the trial was resumed. Only Mr. H. M. Lisenbee and the surveyor, Earl Butts, testified. At the very beginning of his description of his work, Mr. Butts testified:

"A. 3.69, there is an iron pin located here between the Lewis tract and the Parr tract and of course the three acre deed calls for 211 feet, I didn't find any marker at that point and so I went on and went the

284 feet which is in accordance with the deed of this 19.22 acre tract. Now the lines you see here would be from the front corner to the 284 feet—''

As a result of his disregard of the 211 foot measurement in the Austin deed, and the exclusive use of the 284.2 foot measurement from the Wallace deed, the surveyor simply made a survey in accordance with the calls of the Wallace deed and the contentions of the defendants, which survey was adopted by the chancellor, as reflected by the final decree entered on June 18, 1969 and providing:

''This cause came on to be further and finally heard on the 23rd day of May 1969, on Complainants' Bill, the Answer of Defendants, oral proof on November 22, 1966, the survey and plat prepared by King Engineers, in accordance with Order of Court entered on November 22, 1966, and oral proof heard on November 19, 1968, the memorandum opinion dated January 24, 1969, and on the entire record, from all of which it appears that the Defendants are the owners of certain real estate described in two parcels conveved to them by deed of record in Deed Book 168, page 136 of the Register's Office of Montgomery County, Tennessee. Said real estate is bounded on the East by a 22-foot driveway. The Complainants are the owners of a parcel of real estate deeded to them by deed of record in Deed Book 136, page 586, of said Register's Office, and said parcel of real estate is bounded on the West by the aforementioned driveway. *In the deed to Defendants, the North line of Parcel Two is described as 211 feet, more or less, and from the evidence and the plat prepared by King Engineers, it is evident that the length*

*of the North line of Tract Two was in error and said
line is, in fact, 284.20 feet in length.*

"It further appears to the Court that there were certain errors in distances in the deed to Complainants, of record in Deed Book 136, page 586, of said Register's Office, and that The East line of Defendants' property and the West line of Complainants' property should be established in accordance with the plat prepared by King Engineers dated January 26, 1967.

"IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED BY THE COURT that the *North line of Tract Two of Defendants' property,* as appears of record in Deed Book 168, page 136, of the Register's Office of Montgomery County, Tennessee, *is corrected to 284.20 feet, and said deed is accordingly modified.* That Defendants' East line, which is immediately West of Complainants' property, and separated therefrom by the 22-foot driveway, is established as 'Beginning at an iron pin in the North right of way of Old Highway 79, now abandoned, and the Southwest corner of the 22-foot private driveway, and runs thence North 2 degrees 56 minutes East 653.30 feet to an iron pin; thence North 4 degrees 57 minutes West 529.80 feet to an iron pin in Brown's line, the Northwest corner of the private driveway', and Complainants' West line is located 22 feet East of and parallel with Defendants' East line as herein established." (Emphasis supplied)

The effect of the foregoing decree is to abrogate the location of the private drive and boundary 211 feet more or less east of the established northeast corner of Tract 1, as established by the *prior* deed from the Lisenbee heirs to Austin. Instead, the decree adopts the measure-

ment in the *later* deed from the Lisenbee heirs to Wallace, and removes the location of the driveway 73.2 feet eastward, thereby increasing the size of defendants' tract and decreasing the size of complainants' tract.

The evidence consists only of the testimony of Mr. H. M. Lisenbee and Mr. Earl Butts, between which there is no discrepancy, and deeds and plats about which there is no dispute. Defendants offered no other testimony or evidence.

The only evidence to support the conclusion of the chancellor is that in 1963, *two years* after Tract 2 was described and deeded to Austin by the Lisenbee heirs, and *two years* after Tract 3 was described and deeded to Complainants, and *two years* after the private driveway had been located and reserved, a survey was made by a surveyor to move the driveway 73.2 feet eastward at the southeast corner of Tract 3.

Mr. H. M. Lisenbee testified without contradiction that, when Tract 2 was transferred to Austin, he and Mr. Austin measured 211 feet east from the northeast corner of Tract 1 (point L), and that they drove an iron stake at the termination of this measurement (the northeast corner of Tract 2, point B). Mr. Lisenbee further testified without contradiction that he and Mr. Austin measured the two dimensions on the east side (653 feet and 132 feet) "until they met," and set an iron pin at that point, point A. This latter iron pin is accepted by both sides as the correct beginning point (southerly terminus) of the private driveway at abandoned Highway 79. Thus, the location of the private drive from abandoned Highway 79 northward 653 feet to the northeast corner of

Tract 2 was fixed by the Austin deed and the stakes set by Lisenbee and Austin.

Mr. Lisenbee testified that, after he and Mrs. Lisenbee bought Tract 3, he undertook to place a light barbed wire fence near his western border, but made no effort to place said fence on the property line because the line passed through dense undergrowth and a major clearing job would have been required to place a fence on the line. Thus the evidence is uncontradicted that the fence built by Mr. Lisenbee was not on the property line, but some distance inside his property, as convenience required.

There is evidence that, prior to the execution of the Wallace deed to Tract 4, a surveyor was employed to survey the tract and devise a description thereof; that said surveyor assumed that complainants' barbed wire enclosure was the boundary of complainants' land; that he measured from said barbed wire enclosure to the established northeast corner of Tract 1, a distance of 284.2 feet; and thereby originated the discrepancy between the first call of the Wallace deed (284.2 feet) and the second call of the Austin deed (211 feet more or less) which produced the present lawsuit.

The description in the Wallace deed to Tract 4 is based upon an erroneous survey, and results in a conveyance of more land than the Lisenbee heirs had a right to convey.

It is insisted that the deed to Tract 3 erroneously describes the length of the western boundary of Tract 3 as being 1066 feet in length. The court-ordered survey does show that the distance from abandoned Highway 79, point A', to the northeast corner of Tract 3 in the Brown

line, point D', along the route insisted by complainants (through point B') is 1167.38 feet. The same survey shows that the same boundary, following the route insisted by defendants through point C' is 1169.71 feet. The distance of 1066 feet used in the Tract 3 deed is patently incorrect and must yield to the uncontroverted landmarks, old Highway 79 on the south and the Brown fence line on the north. Morrison v. Jones, 58 Tenn. App. 333, 430 S.W.2d 668 (1968) and authorities cited therein.

■ It is insisted that the words "more or less" following the distance of 211 feet create a flexibility in the measurement which would permit its enlargement to 284.2 as decreed by the chancellor. In the first place, the uncontroverted evidence is that the purchaser joined in placing a marker at 211 feet. There is no evidence that any other marker was ever placed at any other point to indicate the termination of "211 feet more or less." Furthermore, an adjustment from 211 to 284.2 is hardly permitted by the words "more or less." In Bigham v. Madison, 103 Tenn. 358, 363, 52 S.W. 1074, 1075, it is said:

"It is also well established that the use of the words 'more or less,' or 'about,' or similar words, in designating quantity, although they show a sale in gross, and not by the acre, covers only a reasonable excess or deficiency. (citing authorities)

"It has been held that such discrepancy in quantity, in order to be covered by such terms, should not exceed 10 to 15 per cent., even when sales are confessedly in gross, and 20 per cent. is too great a difference to be so covered. 15 Am. & Eng.Enc.Law, p. 718." 103 Tenn. pp. 361, 363, 364, 52 S.W. p. 1075.

Under the undisputed circumstances of this case, the words "more or less" appended to the measurement of 211 feet is surplusage and meaningless. The words "more or less" authorize the adjustment of a numerical quantity where there are other circumstances, such as landmarks, which require a minor adjustment. At the time that "211 feet more or less" was made the measurement across the northern boundary of Tract 2, there was a landmark at its western extremity, the northeast corner of Tract 1; but there was no landmark at the eastern extremity of the 211 feet, except the iron pin which was placed at 211 feet by H. M. Lisenbee and Austin. There is therefore nothing in this record to justify the enlargement or diminution of 211 feet because of the words "more or less."

■ It is strongly insisted that complainant, H. M. Lisenbee, is estopped to question the dimension of 284.2 feet in the Wallace deed to Tract 3 because he, H. M. Lisenbee, joined in the deed reciting such dimension. As previously stated, the clear intent of H. M. Lisenbee's participation in the deed was to waive any supposed interest he might have by inheritance or partition, and not to consent to an encroachment upon the land (Tract 3) which he had purchased, or upon the private driveway which was reserved in the deed to Tract 3, presumably for the benefit of Tract 3 and other adjacent land. Any intent otherwise would have created a chaotic condition in the title to and boundary of Tracts 3 and 4 and the intervening private driveway. H. M. Lisenbee had no authority to waive the rights of his wife, Carrie B. Lisenbee, or to consent for her to an intrusion upon and conveyance of part of the property (Tract 3) in which she owned as tenant by the entireties. The private drive hav-

ing been reserved and set apart for the benefit of persons undisclosed by this record and strangers to this lawsuit, the location of said drive could not be changed by a deed of the Lisenbee heirs unaccompanied by the consent of all parties entitled to the benefit thereof. To give literal effect to the description of the Wallace deed without altering the Austin deed to conform therewith would place the private drive in two disconnected segments by locating the northern section as insisted by defendants and the southern segment as insisted by complainants, thus destroying a considerable part of the usefulness of the drive. The Wallace deed must be given effect in accordance with the natural and reasonable intent expressed therein which produces no confusion, and need not be interpreted according to a supposed (and denied) intent which would create such an unnatural and complex set of conflicting interests as suggested above.

The modification of the Austin deed to change the description therein from 211 feet more or less to 284.2 cannot be sustained because said deed is prior to the Wallace deed, because the parties to said deed are not before the court in this case, and because there is no prayer or proof to sustain a modification of the deed.

Accordingly, with great deference to the decision of the chancellor, his finding is reversed and, instead, the westerly boundary of said private drive is located according to the insistence of complainants, that is, beginning at the southeast corner of the Austin tract in the northerly boundary of old Highway 79 (an agreed point), proceeding northerly to the northeast corner of the Austin tract which corner is 211 feet east of the northeast corner of Lewis (an agreed point), thence northerly to

the northeast corner of the Wallace tract (an agreed point). Said westerly boundary of said private drive is established as the easterly boundary of defendants' lands (the Austin and Wallace tracts). The easterly boundary of said private drive is located parallel to and 22 feet east of the above described westerly boundary. Said easterly boundary of said private drive is established as the westerly boundary of the property of complainants.

Defendants are taxed with all costs, including costs of this appeal. The cause is remanded for any further necessary and appropriate proceedings.

Reversed, rendered and remanded.

Shriver, P. J. (M. S.), and Puryear, J., concur.