IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# WESTERN DIVISION,

JACKSON, .............. APRIL TERM, 1883.

JOHN WILLETT *v.* CORPORATION OF BELLVILLE.

CORPORATIONS, MUNICIPAL. *Change of limits. Chancery courts.* The courts of chancery in this State are not authorized by the act of 1871, ch. 54, to change the territorial limits of a municipal corporation.

FROM CROCKETT.

Appeal in error from the Circuit Court of Crockett county.    J. T. CARTHEL, J.

JOHN W. BUFORD for Willett.

COOPER, BUCHANAN & SPENCE for Bellville.

COOPER, J., delivered the opinion of the court.

This is a petition by Willett to the circuit court to supersede a warrant to distrain his property for

1—VOL. 11.

taxes alleged to be due the municipal corporation of Bellville. The town of Bellville was incorporated by an act of the Legislature passed in 1869, and specifically designating its boundaries. The land of the petitioner, on which the taxes were assessed, was included in the boundaries. In the year 1873 the corporate authorities filed a petition in the chancery court, under the act of 1871, ch. 54, praying that the charter "be altered, amended and changed." Upon the hearing of this petition of the corporate authorities on May 30, 1873, the chancellor made an order or decree changing the boundary lines of the town, designating them by metes and bounds, so that the land of the petitioner on which the taxes in controversy were assessed was excluded from the corporate limits. The only question in the case is whether this change was valid. The circuit judge thought not, and dismissed the petition on motion. The petitioner appealed.

Shortly after the adoption of the new Constitution of 1870, the Legislature undertook by the act of 1871, ch. 54, to confer upon the chancery court the power to create and organize corporations, both private and municipal. Under the State Constitution of 1834, this court had held that the power to grant charters of incorporation was vested exclusively in the Legislature, and could not be delegated : State v. Armstrong, 3 Sneed, 634. On the other hand, it was also decided that the Legislature might authorize the county court to organize a municipal corporation under an act fully defining the powers, privileges

and immunities of the corporations thus organized, the metes and bounds of the territorial limits of the municipality being designated in the petition of the inhabitants for its organization: *Mayor of Morristown* v. *Shelton*, 1 Head, 24. The same questions were raised by the act of 1871, ch. 54, and were again considered and determined under the Constitution of 1870. And the courts reached precisely the same conclusion, that the power to incorporate was legislative and could not be delegated, while the Legislature might, by general laws, provide "for the organization of all corporations created" after the adoption of the new Constitution: *Chadwell et al., ex parte*, 3 Baxt., 98; S. C., 1 Tenn. Ch. 95; *ex parte Burns*, 1 Tenn. Ch. 83. The act of 1871 was declared to be unconstitutional and void in so far as it undertook to confer upon the court of chancery the power to create corporations, in the sense of granting to them corporate franchises.

The authority which the act of 1871 undertook to give to the chancery court in relation to municipal corporations is contained in sections 6, 7 and 8. By the first of these sections, when the inhabitants of any town or village desired to have the same incorporated, any three of the inhabitants might apply to the chancery court, and that court might appoint commissioners to fix the boundaries of the town, who should make a report to the clerk of the court, whereupon an election was to be held in the mode prescribed, and if a majority of the votes within the boundaries should be in favor of the corporation, the

court might declare the town to be incorporated. The next section commences thus: "The chancery courts of this State are authorized to alter, amend or revise the charter of any town or village incorporated by said court, or by act of the Legislature, on application of the authorities of said incorporated town." The third section is: "The powers and privileges of incorporated towns created by authority of this act, shall be as prescribed in the Code of Tennessee from section 1358 to section 1399 inclusive." The sections referred to relate to municipal corporations, prescribing their powers and mode of organization. By their provisions, the boundaries of the municipality are to be designated by the petitioners, and determined by a vote of the inhabitants.

When sections 6 and 8 of the act of 1871 are read in connection, it is obvious that the Legislature creates, and the chancery court only organizes the corporations formed under them. The seventh section in authorizing the court "to alter, amend or revise" an existing charter goes beyond this, and is unconstitutional and void. For, as said by this court in *Mayor of Morristown* v. *Shelton,* the court, whose province is only to organize, cannot "add to or diminish the powers, privileges and immunities granted, nor make the least change of any kind in the charter" of the Legislature. For to do so would be to make a different corporation from the one prescribed by the Legislature, and would be to create, not to organize.

This is conceded by the counsel of the appellant

in his argument in this court, but he ingeniously insists that a change of the boundaries of the town would not be amenable to this objection, and that the change made by the chancery court, by which his client's land was thrown outside of the limits of the municipality, was valid. Such a change, however, would not be, in any proper sense, to "alter, amend or revise the charter." For the court in the Morristown case distinguish between the charter created by the Legislature, and the localization of the town by boundaries, which was left to the vote of the inhabitants. Both the general act embodied in the Code in relation to municipal corporations, and the act of 1871, leave the locality to be determined by the resident voters. No other mode is anywhere designated, and if it be conceded that the Legislature might have clothed the chancery court with authority to enlarge or diminish the boundaries of a municipal corporation upon the application of the corporate authorities, it clearly has not done so by the provisions of the act under consideration. The boundaries of a municipal corporation as fixed by the Legislature in the charter cannot be changed except by the Legislature, or in the mode specifically prescribed by the Legislature. The corporate authorities cannot change them without the consent of the government: *Norris* v. *Mayor of Smithville*, 1 Swan, 164; *McCallie* v. *Mayor of Chattanooga*, 3 Head, 318. Nor can the court of chancery upon the application of the corporate authorities unless expressly authorized, if at all. Judgment affirmed.