---
Reeves & Co. *v.* Allen.
---

REEVES & Co. *v.* ALLEN.

(*Knoxville.*     October 22, 1898.)

1. DEED.   *Calling for highway or street.*

The general rule is reaffirmed that a deed which calls for a high-
way or street carries title to the middle line or center of the
street or highway, when the grantor owns to the center, but
when the intent appears to be to convey only to the edge or
margin, that intent will control.   (*Post, p. 414.*)

Cases cited and approved: Railroad *v.* Bingham, 87 Tenn., 522;
Spain *v.* Railroad, 1 Shannon, 181.

2. SAME.   *Calling for streets, construed.*

Under a deed describing the property conveyed as a house and
lot on the corner of two streets, fronting a certain distance on
one of the streets, such distance must be measured commenc-
ing at the margin of the other street, but the deed will con-
vey the grantor's right to the center of the street.   (*Post, pp.
413–416.*)

---
FROM RHEA.
---

Appeal from the Chancery Court of Rhea County.
T. M. McCONNELL, . Ch.

BURKETT, MILLER & MANSFIELD for Reeves & Co.

V. C. ALLEN for Allen.

WILKES, J.   This is an ejectment bill.   The com-
plainants hold under an execution sale and Sheriff's

deed, and the only question is, where the beginning corner of the lot is, whether in the center of Market Street or at its eastern margin at the point of junction with Broyles Street.   Defendant concedes that complainants can hold according to the Sheriff's deed, and disclaims all that portion of the lot embraced in its calls, but contends that the beginning corner is the center of Market Street, and not the eastern margin, and hence the line running with Broyles Street will stop about 56½ feet short of where complainants claim to, the defendants owning the lot to the east of this point.   The Chancellor held with defendant's contention, and dismissed complainant's bill.   The Court of Chancery Appeals reversed the Chancellor, and held that the lines must start at the east boundary of Market Street and run eastwardly with Broyles Street 140 feet, thus taking about 47½ feet of the lot claimed by defendant, but stopping short some 9 feet of Skillern's line, to which complainant claimed.

It is assigned as error that the line should start at the center or middle of Market Street, and not at its eastern margin.   The levy and the Sheriff's deed describes the lot as follows:   "One house and lot, situated on the northeast corner of Broyles and Market Streets, in Dayton, eighth district, Rhea County, Tennessee, fronting west 60 feet on Market Street, bounded on the south 140 feet by Broyles Street, on the east by Allen, and on the north by Hodges."

If the line starts at the center of Market Street complainants will have, of their 140 feet depth, 47½ feet of street to the east boundary of the same, and 92½ feet of lot not occupied by the street. The Court of Chancery Appeals report, that to extend this line to the Skillern line would make it 149 feet from the east margin of Market Street, and to this extent of 9 feet they refuse the relief prayed, and from this there is no appeal.

The Court of Chancery Appeals recognizes the general rule that a deed which calls for a highway or street carries title to the middle line or center of the street, where the grantor owns to the center, but when the intent appears to be to convey only to the edge or margin of the street, such intent will control. Accordingly, a deed calling for a side of the street does not carry title to the middle. *Iron Mountain Railroad* v. *Bingham*, 3 Pickle, 522; *Spain* v. *Ala. & Tenn. R. R.*, 1 Shan., 181; 3 Washburn Real Property, 635, and note.

We think the proper rule is that, when in a conveyance a lot is described as fronting so many feet upon a given street and running back a specified distance to another street, the measurement will begin at the margin of the street or line, up to which the grantee may occupy, and it will run back the distance to the margin or line of the next street, but the conveyance will be held, nevertheless, to cover the space on each street from the margin to the center, and to carry with it the grantor's

right to the street, subject to the public easement. In other words, while the measurement only begins at the margin of the street and extends to the margin of the other, the conveyance will carry all the grantor's interest in each highway or street to its middle line if the grantor owns to such middle line. So, in a levy and sale and conveyance thereunder, when the description calls for 60 feet front on Market Street and running back 140 feet, the 140 feet must be measured commencing at the margin of the street, though, as in case of a deed, it carries also the debtor's rights to the center of the street. Am. & Eng. Enc. Law (2d Ed.), Vol. 4, p. 814, and note; *Kohler* v. *Kleppinger*, Sup. Ct. Pa., 1886.

We are of opinion, therefore, that complainant is entitled to recover 140 feet from the margin of Market Street, and the defendant's rights in the street in front of the lot pass with it, in the absence of words showing a contrary intent, and writ of possession will issue accordingly. The costs will be divided equally, and to this extent the decree of the Court of Chancery Appeals is modified.

Defendant insists that in any event complainant cannot go beyond the fence which he claims marks the dividing line between that portion of his lot sold by the Sheriff and that part retained by him, on the idea that the fence is a natural boundary called for in the levy and Sheriff's deed. Waiving the question whether a fence can be treated as a nat-

ural object, the levy and Sheriff's deed does not call for it, but simply for Allen's (lot).

The fact that the line as herein laid out runs through a portion of defendant's house cannot change the holding. If the house was there when the levy was made, it passed with it and the Sheriff's deed. If it has been placed there since by defendant, it was at his own risk.

As modified, the decree of the Court of Chancery Appeals is affirmed.