318

CITY OF JOHNSON CITY

*v.*

STATE ex rel. JOHN MADEN et al.

(*Knoxville,* September Term, 1956.)

Opinion filed June 7, 1957.

Rehearing Denied July 29, 1957.

Price & Price and Green & Brandt, Johnson City, for appellant, City.

Thomas E. Mitchell, Johnson City, H. Dennis Erwin, Erwin, for appellees.

320

Mr. Justice Burnett delivered the opinion of the Court.

The Board of Commissioners of Johnson City, Tennessee, proceeded in accordance with Chapter 113 of the Public Acts of 1955 (now codified as Secs. 6-304, 6-315 inclusive, T.C.A.) for the purpose of annexing certain territory to the City of Johnson City.

Notice was given and a referendum held in which the voters voted in favor of the annexation. As a result of this vote the present lawsuit was filed by a number of relators who lived in the annexed area seeking to hold the proceedings invalid. After seasonable pleas were filed, stipulations entered into, the cause was heard by the Chancellor who sustained the bill and declared the annexation illegal, because he thought the description of the territory to be annexed to the City as a result of this election was inadequate in the resolution of the City Commission calling for said election. An appeal was seasonably perfected, briefs filed and arguments have been heard. We now have the matter for determination.

It was stipulated that the first call in the description; "thence in a southwesterly direction approximately 3000 feet to an existing corner of corporate limits, said corner being the most easterly corner of property owned by the City of Johnson City and located on the northerly side of U.S. Highway No. 11-E",

is erroneous in that the corner intended to be called for instead of the "most easterly corner" should have been the northeastern corner of the property of the City. It is further stipulated that if the total description given in this notice and resolution is run in a reverse direction that the one running it will arrive at the proper corner, that is, the "northeastern corner" and not the "easterly corner" and that the map attached to this resolution and published along with it showed the correct boundary of the territory as it was intended to be annexed, that is, the northeastern rather than the most easterly corner of the property owned by the City and located on the northerly side of U.S. Highway No. 11-E. This was duly published in the Johnson City newspapers.

 Obviously the purpose of requirement of the description of the property to be annexed to be shown in the resolution to be published is to give the people who live in the territory which is to be annexed notice of the intention of the City to include them within the corporate boundaries.

It is not contended by the relators that they had been misled by this description. Their contention is that the description must be clearly defined and bounded. These parties do not allege that they did not vote in the election or that they were surprised to find their property included within the boundaries. The plat or map of the

322

proposed territory which was to be annexed as published in the press gave notice of the exact intention and boundaries which the City sought to annex to its corporation.

In McQuillin, Municipal Corporations, 3rd Edition, Vol. 2, Sec. 7.04, it is said:

"The boundaries of a municipal corporation should be described with such certainty as to render it possible to determine the precise area intended to be included within the municipal limits. This may be done by a description by metes and bounds, or by a description which would otherwise be sufficient in a deed to property. * * *. Under the rule that that is certain which can be made certain, a description is sufficient if the boundaries can be definitely ascertained. Thus a description is sufficient if it gives a definite location or is sufficient for identification, or if it is sufficiently exact and definite as to enable a surveyor to ascertain them with certainty or readily trace them."

This annexation is sought under Section 6-311, T.C.A., which is as follows:

"A municipality when petitioned by interested persons, or upon its own initiative, by resolution, may propose extension of its corporate limits by the annexation of territory adjoining to its existing boundaries. Such resolution, describing the territory proposed for annexation, shall be published by posting copies of it in at least three (3) public places in the territory proposed for annexation and in a like number of public places in the municipality proposing such annexation, and by publishing notice of such resolution at or about the same time, in a newspaper of general circulation, if there be one, in such territory and municipality."

This Act of which the above quotation is Section 3, was held constitutional by this Court in *Witt v. McCanless,* 200 Tenn. 360, 292 S.W.2d 392. It is noticed that the requirement of the Act is that the resolution "describing the territory proposed for annexation" shall be published, etc. As said above, the only complaint here is that the description was not sufficient.

We are satisfied that if the description given of the boundaries under this Act would be of a sufficient description to pass property under a deed that the description would be sufficient. Let us ask ourselves this question: Could a surveyor sit down and take the description of the property here given and determine the right corners and boundaries without the aid of extrinsic evidence? Clearly under the stipulation here he could because to follow these calls as they are it would be necessary for the surveyor to reverse his description to make the corners meet and when he did so this call would come out at the proper or northeasterly corner. It is "a broad general principle that a deed will not be declared void for uncertainty in description if it is possible by any reasonable rules of construction to ascertain from the description, aided by extrinsic evidence, what property is intended to be conveyed." 16 Am.Jur., Sec. 262, Deeds, page 585, and in Volume 8, of American Jurisprudence under the title Boundaries, Subsection 3 thereof, page 747, it is said:

"In the event that two or more of the descriptive elements used conflict or are inconsistent with the others, resort is first to be had to natural objects or landmarks, next to artificial marks, then to adjacent boundaries, and then to courses and distances, unless it

appears that mistakes exist in respect to the calls, in which event an inferior means of location may control a higher one. That rule should be adopted which is most consistent with the intention of the grant.''

When we read the description as erroneously given if we follow on then ''thence with the existing corporate line of the City of Johnson City in a southerly and then in an easterly direction, and then in a southerly direction crossing U. S. Highway No. 11-E to the property of U. S. Veterans Administration;'' we readily see that the description must be erroneous because the lines as shown on the plats given clearly could not follow this description. It seems then that a surveyor in reversing the description (the stipulation admits a reversal would get the proper corner) would reverse it and the description can thus be applied and supplied.

■ We think too that of course the major purpose of having this description in a resolution and published as provided by statute is to give the people in the district where the property is to be annexed notice of the fact so that they can oppose the annexation and election or be for it, which ever they desire to do. The plat did show the correct boundaries and we think that we would be clearly right in saying that the people would be governed by the lines of the plat as they saw it in the paper as to whether or not they were included rather than by reading the descriptive terms by metes and bounds. The probability is that very few, if any, people living in the area could read the descriptive terms and know whether or not they came in it. We thus hold and feel that the plat when published with the description and published in the newspapers as it was and filed as a part of the resolu-

tion should be considered in *pari materia* with the description and when one of them is correct then the description would thus be corrected.

This Court in 1850 speaking through Judge Green in the case of *Funa v. Manning,* 30 Tenn. 311, held that where there was a mistake in the beginning corner of land conveyed as where calls for the southeast instead of the southwest corner of the county that that would not vitiate a grant if the land can be otherwise sufficiently described. The same reasoning used then should be re-used here and now.

In *People ex rel. Boardman v. Town of Linden,* 107 Cal. 94, 40 P. 115, among other things it was held that an ambiguity in the order of a board of supervisors fixing the boundaries of a proposed municipality, consisting of a misdescription of a section corner, is not fatal defect, where the courses and distances and other descriptions show the corner intended.

As we see it, reason and authority demand that we hold that the description given in this to the public as published according to the statute is a sufficient description because the erroneous call can be supplied and is supplied under the formulas hereinabove referred to. For the reasons thus expressed the judgment below is reversed and if necessary for carrying out this order it may be remanded.

## On Petition to Rehear.

A courteous, dignified and forceful petition to rehear has been filed herein. The main argument in this petition is that the Court by its opinion heretofore handed down

has acted in a legislative rather than in a judicial capacity.

The parties stipulated herein that:

"The only question to be determined in this cause is whether the territory to be annexed to the City of Johnson City as a result of the election held December 10, 1955, was adequately described in the resolution of the City Commission calling for said election, said description being in words and figures as follows:"

Then follows the description. Under stipulation Number 4, it was stipulated that:

"A map of the area to be annexed showing the boundary of the territory as intended (that is the northeastern rather than the most easterly corner of the property owned by the City of Johnson City and located on the northerly side of U. S. Highway No. 11-E) was published in the Johnson City Press Chronicle, a newspaper of general circulation, prior to said election, as shown by photostatic copies of said newspaper attached hereto."

Thus we see that under these stipulations the only questions that the Court had before it was whether or not the description as published and given in the petition and as published in the newspaper by the map sufficiently complied with the Statute (Section 6-311, T.C.A.) providing among other things that "such resolution, describing the territory proposed for annexation, shall be published, * * *." In our original opinion we endeavored to point out wherein the description was sufficient to comply with the statute because as we saw it the description as given along with the published map certainly described the

territory to be annexed and no one was misled thereby.

The citizens in their original brief, last paragraph on bottom of page 2, summed up their main complaint in these words:

"The complainants in this cause filed their original bill, alleging among other things that the description of the property was so varied, indefinite and uncertain as to be incapable of ascertaining what property was taken into the municipality."

We think this stated the burden and question to be determined in the lawsuit. We think for the reasons expressed in our original opinion that this question was answered.

 The municipal body through the statute referred to in our original opinion is vested with the legislative discretion to annex additional property. We of the Courts determine what are the corporate limits already established and we determine by our inquiry whether or not these boundaries as attempted to be established by the municipal power comply with the law. We have no authority to act for the municipal body in its legislative capacity. We have not so attempted to act. All we have done is to hold that the description as given is sufficient to meet the requirements of the statute and that by the description as published that no one was misled. As we read the record no one claims to have been misled.

We have very carefully considered this petition to rehear and must for the reasons herein stated overrule the same. We feel that the original opinion is the correct result to reach under the authorities and the facts as herein stipulated.