Lloyd E. **PATRICK** and Charles A. **Ezell, III, Plaintiffs-Appellees,**

v.

**CURTIS PERSON INVESTMENTS, INC., Curtis Person, Shelby County, George M. Pullias and Hollis Curry, Defendants-Appellants.**

Court of Appeals of Tennessee, Western Section.

April 25, 1980.

Permission to Appeal Denied by Supreme Court July 28, 1980.

James D. Causey and Arnold M. Weiss, Memphis, for defendants-appellants.

Jef Feibelman, Memphis, for plaintiffs-appellees; Burch, Porter & Johnson, Memphis, of counsel.

MATHERNE, Judge.

This lawsuit involves a 20 foot strip of land along the northern boundary of a lot sold by the defendant, Curtis Person Investments, Inc., to the plaintiffs' predecessors in title. The lot was conveyed by metes and bounds description calling for Fayette Street as the northern boundary. Although originally a 90 foot right-of-way, the commissioners of Shelby County passed a resolution reducing the width of Fayette Street to 50 feet. Consequently, a quitclaim deed was executed to Curtis Person Investments, Inc. to a 20 foot strip bordering the north boundary of the lot now owned by the plaintiffs.

The plaintiffs sued for declaratory judgment that fee simple title to the 20 foot strip, consisting of the southern 20 feet of the former right-of-way of Fayette Street, be declared in them. The defendants claim to have answered in ejectment. On motion for summary judgment the chancellor held for the plaintiffs, and the defendants appeal.

The right of the plaintiffs to the 20 foot strip depends upon the rights they acquired by virtue of having purchased a 264 feet by 264 feet lot, formerly owned by the defendants, Curtis Person Investments, Inc., which borders the 20 foot strip on the south. By contract dated March 13, 1972, the defendants, Person and Curtis Person Investments, Inc. agreed to sell to G. Frank Jones the 264′ × 264′ lot described as follows:

> All the property owned by Curtis Person Investment Company at the Southwest corner of Fayette Street and East Street in the old township of Raleigh. . . .

The contract was assigned to Keys of the Executive, Inc., and by deed dated March 15, 1972, the Persons and Curtis Person Investments, Inc. conveyed the lot to the assignee. In that conveyance the lot was described, as follows:

> Beginning at a point in the south line of Fayette Street (90 feet wide) at 93.1 feet east of the east line of Austin Peay Highway (104 feet wide) as measured along

the south line of Fayette Street, said point being the point of beginning and the northwest corner of this parcel; thence eastwardly along the south line of Fayette Street 264.0 feet to the northeast corner; thence southwardly, parallel to East Street (90 feet wide), 264.0 feet to the southeast corner; thence westwardly, parallel to Fayette Street, 264.0 feet to the southwest corner, thence northwardly, parallel to East Street, 264.0 feet to the point of beginning in the south line of Fayette Street.

After various conveyances the 264' × 264' lot was finally conveyed to the plaintiffs by the deed of defendants, Pullias and Curry. In each conveyance the lot was described as in the deed to Keys of the Executive, Inc.

By resolution adopted on April 22, 1970, the governing body of Shelby County reduced the width of the Fayette Street right-of-way from 90 feet to 50 feet and ordered:

> that the County right-of-way agent prepare Quitclaim Deeds for the signatures of the Shelby County Commission, transferring title to the adjoining property owners.

Under the authority of that resolution a quitclaim deed dated April 3, 1972, was executed by the county commission to Curtis Person Investments, Inc. conveying the following property, which description is not challenged as being an incorrect description of the 20 foot strip:

PARCEL 1
Beginning at the northeast corner of the property described in Instrument E6–8215 at the Shelby County Tennessee's Register's Office; thence westerly along the north line of said property; 84 feet to a point; thence northerly 20 feet to a point; thence easterly 84 feet to a point; thence southerly 20 feet to the point of beginning:

PARCEL 2
Beginning at the northeast corner of the property described in Warranty Deed Book 5521, page 305, at the Shelby County Tennessee Register's Office; thence westerly along the north line 100 feet to the northwest corner; thence north 20 feet to a point; thence east 100 feet to a point; thence south 20 feet to the point of beginning:

PARCEL 3
Beginning at the northeast corner of the property described in Warranty Deed Book 4416, page 308 at the Shelby County Tennessee Register's Office; thence west along the north line 83.5 feet to the northwest corner; thence north 20 feet to a point; thence east 83.5 feet to a point; thence south 20 feet to the point of beginning.

■ When a deed calls for a boundary along a street it is generally held that where it appears clearly from the whole instrument, in conjunction with the surrounding circumstances, that the grantor intended to reserve the fee in the street, such intent will be given effect; when it does not so appear, it will be presumed that the grantee takes to the middle of the street. *City of Nashville v. Lawrence* (1925) 153 Tenn. 606, 284 S.W. 882. See also: *Vanderbilt University v. Williams* (1925) 152 Tenn. 664, 280 S.W. 689; *Reeves & Co. v. Allen* (1898) 101 Tenn. 412, 47 S.W. 495.

■ Considering the verbiage of the contract to sell the 264' × 264' lot as executed on behalf of Curtis Person Investments, Inc. and the deed whereby that grantor conveyed the lot to Keys of the Executive, Inc., in connection with all circumstances shown in the record, we hold that there is insufficient evidence that the grantor intended to retain the fee in Fayette Street which would overcome the presumption that the grantee took to the middle of the street.

The defendants, Person and Curtis Person Investments, Inc., insist that they did not own the 20 foot strip at the time the contract to sell and the deed were executed. They argue that the title was at that time in Shelby County and they obtained title

only when the commissioners delivered to them the quitclaim deed dated April 3, 1972. These defendants argue that they did not contract to sell nor did they convey after acquired property, and, therefore, the 20 foot strip belongs to them by virtue of the quitclaim deed. We disagree with that argument.

 As noted, the resolution by the county governing body to narrow the right-of-way of Fayette Street was adopted on April 22, 1970. That act constituted an abandonment of the 20′ strip bordering the 264′ × 264′ lot on the north. The quitclaim deed was unnecessary; the commissioners could have quitclaimed to anyone, but the title reverted as of the official abandonment on April 22, 1970. Compare: *Rogers v. Murfreesboro Housing Authority* (1962) 51 Tenn.App. 163, 365 S.W.2d 441. Whatever interest the Persons and Curtis Person Investments, Inc. had in Fayette Street by virtue of the ownership of the 264′ × 264′ lot vested at the time of the abandonment by the county and, as herein noted, passed under the contract of sale and deed to the grantee named therein.

We affirm the chancellor in his holding that the defendants in this lawsuit have no interest in the 20′ strip of land. However, we disagree with the chancellor's order that fee simple title to that strip of land is vested in the plaintiffs, Patrick and Ezell. The record does not reveal how Shelby County obtained the 90 foot right-of-way for Fayette Street, nor from whom it was obtained. It could have been obtained by dedication by the then owner, by condemnation, by purchase or by user. Usually, land acquired for street purposes is merely an easement for that use, but we have no proof of the nature of the county's title to the entire 90 foot right-of-way. We, therefore, hold that all a court can order in the present lawsuit is that all the right, title and interest of the defendants be divested out of them and vested in the plaintiffs, Patrick and Ezell, in the same proportion as they own the 264′ × 264′ lot which borders

that strip on the south. Judgment will be accordingly entered in this court.

The cost in this court is adjudged against the appellants for which execution may issue, if necessary.

SUMMERS and EWELL, JJ., concur.