**STATE of Tennessee, ex rel. CITY OF ROCKWOOD, and City of Rockwood, Tennessee, Plaintiff-Appellee,**

v.

**CITY OF HARRIMAN, Tennessee, Defendant-Appellant.**

Court of Appeals of Tennessee, Eastern Section.

July 26, 1983.

Permission to Appeal Denied by Supreme Court Oct. 17, 1983.

William A. Newcomb, Harriman, and Charles J. Crass, Kingston, for defendant-appellant.

J. Polk Cooley and Russell E. Simmons, Jr., Rockwood, for plaintiff-appellee, City of Rockwood.

## OPINION

FRANKS, Judge.

This is a dispute between Roane County Cities of Rockwood and Harriman as to whether a portion of an area annexed by the City of Harriman by ordinance is within the boundary of Rockwood by virtue of the passage of a prior ordinance of annexation by the City of Rockwood.

The City of Harriman's ordinance annexing the disputed area was passed on second reading on March 16, 1982, and the City of Rockwood filed this action on April 8, 1982, for a declaratory judgment and *quo warranto*.

The contested issue before the chancellor was whether the City of Rockwood's ordinance effective March 7, 1981, properly described and encompassed a territory included in Harriman's annexation. At the conclusion of the evidentiary hearing, the chancellor concluded:

> I think that a surveyor could take the figures, the maps, the tax records, the 1980 tax records easily and the description in the ordinance itself [City of Rockwood] and come up with an adequate description of this property. So, in the final analysis, I hold that the description in the ordinance is adequate to cover the tract of land involved taking into consideration all the various elements of the ordinance itself, the map attached thereto and the tax maps of Roane County of 1980 which were used.

Rockwood's annexation ordinance includes a map of the annexed area and a description of the new boundary. The description utilized Roane County tax maps to designate certain points of reference and the common boundary line of Tennessee Forging Steel and College Plaza Shopping Center was shown as the eastern property line of Tract 8 on the tax assessor's map No. 45, revised February, 1980. This map was revised in May, 1981, and, as relevant to this dispute, subdivided Tract 8 into parcels. Tract 8.02 on the revised map is the parcel developed into College Plaza Shopping Center and a part of the area later included in Harriman's annexation ordinance.

On appeal, the City of Harriman argues "... the Current Tax Assessor Map of Roane County, which was available at the

time of the enactment of the City of Rockwood's purported annexation ordinance, shows that the "Tract 8' referred to in the description was subdivided into Tracts 8, 8.01, 8.02, 8.03, and 8.04. The description of the area to be annexed, was therefore erroneous in that it failed to include the territory in dispute in the instant proceedings." Our Supreme Court, in discussing descriptions of municipal boundaries in *Johnson City v. State*, 202 Tenn. 318, 304 S.W.2d 317 (1957), held a description would not fail on account of inaccuracies if a reasonable construction can be made of the whole ordinance to carry its intent into effect. In that case, the court applied the test of whether a surveyor, following reasonable rules of construction, could determine the boundary. *Id.*, at 323.

■ Admittedly, there are discrepancies in the description set forth in the ordinance; however, the subsequent change in the tax map does not render the description ambiguous when the tax map, as it existed at the time of the annexation, is examined. The subsequent subdividing of Tract 8 is shown in the May, 1981 revision of the tax map; however, this revision also shows the new corporate boundary of Rockwood as encompassing the newly subdivided Tracts 8 and 8.02. The City of Rockwood presented expert witnesses who outlined the boundaries of the annexed area from the description and maps. The evidence does not preponderate against the chancellor's conclusion that Rockwood's ordinance encircled and described the geographical area annexed, and we affirm. T.R.A.P., Rule 13(d).

■ The City of Harriman also asserts the chancellor erred in refusing to consider proof on whether proper notice pursuant to the annexation statute was given by the City of Rockwood at the time of its annexation. The City of Harriman, by raising this issue, is attacking the validity of the City of Rockwood's annexation ordinance and, without deciding the issue of standing, we agree with the chancellor that he was without jurisdiction to consider the matter either from a standpoint of timeliness or subject matter. *City of Oak Ridge v. Roane County*, 563 S.W.2d 895 (Tenn.1978).

We affirm the decision of the chancellor that the City of Harriman is without authority to annex the disputed territory and remand, with costs incident to the appeal assessed to appellant.

PARROTT, P.J., and KIRBY MATHERNE, Special Judge, concur.