STATE of Tennessee ex rel. Otis VICARS, et al., Appellants,

v.

CITY OF KINGSPORT, et al., Appellees,

and

George A. Akin, et al., Intervenors.

Court of Appeals of Tennessee, Eastern Section.

Sept. 8, 1983.

Petition for Permission to Appeal Denied by Supreme Court Oct. 31, 1983.

Ward Huddleston, Jr., Kingsport, for appellants.

David H. Hornik, City Atty., Joseph E. May, Asst. City Atty., Kingsport, for defendants.

John P. Chiles and R. Wayne Culbertson, Kingsport, for intervenors.

## OPINION

PARROTT, Presiding Judge.

Plaintiffs below have appealed the circuit judge's order dismissing their suit to contest an annexation by referendum by the City of Kingsport. In this appeal it is insisted that the circuit judge erred in holding plaintiffs were not entitled to a judicial review of a suit in the nature of quo warranto or a review by writ of certiorari. Also appellants insist the circuit judge erred in finding, after a hearing on the merits, that appellants' constitutional rights to equal protection and due process were not violated by the officials of the City of Kingsport.

The circuit judge has written an excellent memorandum on the first two issues which we adopt the pertinent part as our opinion:

"The complaint alleges that the City of Kingsport has annexed an area of land wherein plaintiffs reside and that the annexation was by referendum election rather than by an annexation ordinance; that the annexation by referendum was unreasonable, arbitrary, and capricious so as to render the city's action illegal and void; and that the annexation was handled in such a manner as to be in violation of both state and federal constitutions.

"The complaint was amended to allege that a referendum was originally held on a larger territory on April 15, 1982, with the result being 197 votes cast in favor of annexation and 426 votes cast against same; that the city thereafter redefined the boundaries of the territory for a subsequent referendum which was held on July 15, 1982, and that boundaries were drawn so as to include a sufficient number of citizens who were in favor of annexation and exclude those known to be opposed. It is charged that the city gerrymandered the boundaries in such a manner so as to insure the passage of the annexation by referendum.

"The city contends that since the annexation was by referendum rather than by adoption of an ordinance, the court does not have jurisdiction to review an annexation by referendum since our statutes only expressly authorize court review in annexation by ordinance cases.

"Article 11, Section 9, Tennessee Constitution was amended in 1953 to provide that:

'The General Assembly shall by general law provide the exclusive methods by which municipalities may be created, merged, consolidated and dissolved and by which municipal boundaries may be altered.'

"Prior to this amendment, municipal boundaries could only be enlarged by legislative action and it was clear that there was

no judicial review of such action absent constitutional infirmity. *Bell v. Town of Pulaski,* 182 Tenn. 136, 184 S.W.2d 384 (1945); *Town of Oneida v. Pearson Hardware Flooring Co.,* 169 Tenn. 449, 88 S.W.2d 998 (1935); *Willett v. Corporation of Bellville,* 79 Tenn. 1 (1883).

"In response to the ratification of this amendment, the legislature enacted Chapter 113, *Public Acts of 1955,* providing two distinct methods of altering municipal boundaries. One method is the ordinance method now codified as T.C.A. 6–51–102 and 6–51–103 and the other is the referendum method as provided in T.C.A. 6–51–104 and 6–51–105. In a recent case of *City of Oak Ridge v. Roane County,* 563 S.W.2d 895 (Tenn.1978), our Supreme Court reviewed the historical development of altering municipal boundaries and concluded that any judicial review of annexation by the ordinance method was limited to the express review allowed by our statutes.

"Our annexation statutes expressly permit a court review when the method of annexation is by adoption of an ordinance but make no provision for court review when annexation is by referendum. Presumably, the legislature recognized that the citizens of the territory being annexed had no right of action in one method and did have a right to action in the other.

"Apparently, there are no Tennessee cases dealing directly with the point in question as practically all of the reported decisions deal with annexation ordinance questions. However, the case of *City of Johnson City v. State Ex Rel. Maden,* 202 Tenn. 318, 304 S.W.2d 317 (1957) does furnish some guidance on the issue. In this case a suit was instituted in the Chancery Court after the city had annexed an area by referendum election. The suit sought a declaration by the court that the annexation was invalid because of certain errors in the description of the property annexed. The Supreme Court reviewed the merits of the issue and held that the description was valid and did not affect the legality of annexation. While this case is not in point with the issue in the present case, it is precedent for establishing some judicial re-

view in annexation by referendum cases. It should also be noted that the earlier Tennessee decisions prior to the constitutional amendment in 1953 held that there was no judicial review over annexation *absent a constitutional infirmity.*

■ "Surely if a city undertakes to annex new territory by the referendum method, an annexation could be held invalid by a court of general jurisdiction if the evidence establishes constitutional infirmities either in the adoption of a resolution calling for a referendum or in the election process. To hold otherwise would abolish constitutional rights.

"Plaintiffs contend that the boundary lines of the annexed area were drawn in such a manner as to intentionally create a territory where the results of a referendum would have to be favorable to the city and that such gerrymandering of the boundary lines was unreasonable and unconstitutional. In support of this theory, they have cited cases from other jurisdictions which recognize gerrymandering of boundary lines in annexation by referendum cases and under certain circumstances as constituting a constitutional infirmity. See *City of Birmingham v. Community Fire District,* 336 So.2d 502 (Ala.1976) and *Township of Owosso v. City of Owosso,* 25 Mich.App. 460, 181 N.W.2d 541 (1970).

■ "The court is of the opinion that there can be no judicial review of plaintiffs' suit under T.C.A. 6–51–103 (the reasonableness test) as such procedures only apply to annexation by ordinance cases. However, the court finds that the allegations of the complaint averring constitutional defects and infirmities in the adoption of the resolution and/or the election by referendum is reviewable."

■ On the constitutional issue, the circuit judge, after a hearing, found that plaintiffs' cause was without merit and dismissed the complaint. Without summarizing the proof, we think it sufficient to say that the City of Kingsport properly followed the statutes in this annexation by referendum. Thus, no equal protection or due process argument of the 14th Amendment to the Federal Constitution can prop-

erly be made. *State ex rel. Wood v. City of Memphis,* 510 S.W.2d 889 (Tenn.1974); *Deane Hill Country Club v. City of Knoxville,* 379 F.2d 321 (6th Cir.1967).

In *State ex rel. Wood v. City of Memphis, supra,* our Supreme Court quoted at length from the U.S. Supreme Court case of *Hunter v. City of Pittsburg,* 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907). A part of the quote is:

> "Municipal corporations are political subdivisions of the state, created as convenient agencies for exercising such of the governmental powers of the state as may be intrusted to them.... In all these respects the state is supreme, and its legislative body, conforming its action to the state Constitution, may do as it will, unrestrained by any provision of the Constitution of the United States.

In the *Wood* case our Supreme Court held: "Moreover, in annexation cases there is no equal protection or due process argument that can properly be made when the statute is properly followed." As we have said, in this case the city followed the statute.

For the foregoing reasons we affirm the judgment as entered with costs taxed to the appellants.

GODDARD and FRANKS, JJ., concur.