STATE of Tennessee ex rel. Bert E. SMITH, III, and wife, Kay C. Smith, and Marie T. Smith, Plaintiffs–Appellants,

v.

TOWN OF CHURCH HILL, Tennessee, Defendant–Appellee.

Court of Appeals of Tennessee, Eastern Section.

May 9, 1991.

Permission to Appeal Denied by Supreme Court Nov. 12, 1991.

Thomas A. Peters, Church Hill, and Thomas D. Dossett, with Todd & Dossett, Kingsport, for plaintiffs-appellants.

Charlton R. DeVault, Jr., Kingsport, for defendant-appellee.

OPINION

SANDERS, Presiding Judge (Eastern Section).

Plaintiffs have appealed from a decree upholding the annexation of their property by the Defendant.

In 1986 the Plaintiffs–Appellants, Bert E. Smith, III, and wife, Kay C. Smith, and Marie T. Smith (the Smiths) owned a farm in Hawkins County containing approximately 525 acres. The farm was located in a bend of the Holston River which bordered the farm on the south and east. It was bounded on the north by the corporate limits of the Town of Church Hill and on the west by other farm land. In 1986 Smiths asked the Town of Church Hill (Town) to annex a long, narrow strip on the north side of their farm, containing 126 acres, into the Town, which the Town did. After the strip of land was annexed it was bounded on the north and south by the Smith farm, on the east by the Holston River and on the west by the Town corporate limits.

After the annexation the Smiths subdivided the portion of the farm which lay to the north of the annexed tract. That portion of the farm appears to have contained approximately 150 acres. It was triangular in shape, being bounded on the northwest by the Town corporate limits, on the northeast by the Holston River and on the south by the Smith property annexed by the Town. In August, 1990, after this triangular tract of property had been developed into a subdivision, the residents and property owners in the subdivision filed a petition with the Town planning commission asking that the subdivision be annexed into the Town. This was agreeable to the Town planning commission; however, the planning commission adopted a resolution calling for the annexation of the subdivision and all of the property in the river bend area, which encompassed all of the Smith

farm and approximately 570 acres in addition to the Smith farm. The resolution called for annexation by referendum pursuant to T.C.A. § 6–51–104 and § 6–51–105. The vote on the resolution was set for February 3, 1990. A map of the annexed territory shows it begins at the corporate limits line along the north end of the subdivision near the western bank of the Holston River; thence in an easterly direction crossing the Holston River to its east bank; thence with the meanderings of the east bank of the river in a southeasterly and a northwesterly direction some 16,000 feet; thence crossing the river to the Town corporate limits; encompassing some 1,096 acres, all of which has as its inner boundary line the corporate boundary line of the Town and as its outer boundary line the east bank of the Holston River. All of the property is within one mile of the Town hall.

After the resolution had been passed calling for annexation by referendum, but before the referendum was held, the Smiths filed a complaint asking the court to enjoin the Town from combining the subdivision area and the Smith farm area in the same referendum for annexation. In their complaint the Smiths alleged the annexation was invalid in that it was not reasonably necessary for the welfare of the residents and property owners in the territory and constituted a power not conferred on the Town by law. Smiths averred the Town included a portion of the Holston River in the annexation to connect the different pieces of property for the purpose of assuring a more favorable vote in the referendum. They alleged the farm area was sparsely populated and the subdivision area was more densely populated and, since some of the property owners who resided in the subdivision had requested annexation, there was reasonable expectation of passage of the annexation referendum. Smiths alleged the Town was using unreasonable means of annexing the farm and its annexation was unreasonable. They alleged the actions of the Town unconstitutionally denied the Smiths of equal protection and due process under the constitution and asked the court to find the actions of the Town to be unconstitutional.

The Town, for answer, denied the Smiths had any standing to maintain any action under T.C.A. § 6–51–104 and § 6–51–105. It alleged the Smiths failed to state a claim upon which relief could be granted. It averred the Smiths' complaint failed to come within the limited statutory provisions for a property owner to contest annexation. It alleged the Town had complied with all the statutory provisions for annexation and denied the Smiths were entitled to any relief sought. The Town also filed a motion to dismiss the complaint pursuant to Rule 56, T.R.C.P.

Upon the hearing of Smiths' demand for injunctive relief and the Town's motion to dismiss, the court denied the request for injunctive relief. It also denied the Town's motion to dismiss, but retained the case on the docket to be heard, if necessary, after the results of the annexation referendum were certified.

The certification of the annexation referendum results showed 32 votes for annexation and 18 against. All eligible voters residing within the annexed area, except two, voted in the annexation referendum.

After the results of the annexation referendum had been certified the court conducted a hearing on the single issue of whether or not the constitutional rights of the Smiths under the 14th Amendment of the United States Constitution had been violated by virtue of their farm's being included in the same referendum with the subdivision. In holding the Smiths' constitutional rights had not been violated, the court said: "The issue is both a close and difficult one, simply because it is beyond debate that the plaintiffs' property is farmland and sparsely populated, whereas the subdivision is exclusively residential and densely populated. Nevertheless, due to the proximity of the farm and subdivision to each other and to the existing city, and due also to the fact that a significant portion of plaintiffs' farm already lays [sic] within the city, it is felt that the inclusion of the farm and the subdivision within a single referendum regarding annexation of the properties was not so unreasonable as to amount to a denial of either equal pro-

tection or substantive due process under the 14th amendment to the United States Constitution."

The Smiths have appealed, saying the court was in error. We cannot agree, and affirm for the reasons hereinafter set forth.

The Smiths do not challenge the constitutionality of T.C.A. § 6–51–104 or § 6–51–105 under which their property was annexed, nor do they contend the Town did not properly follow the statutes in the annexation proceeding. Their sole contention relates to a small area where the portion of the Smith farm which was annexed in 1986 borders on the west bank of the Holston River. Even though the 126 acres of the Smith farm which were taken into the Town in 1986 border on and are contiguous with the subdivision together with the remaining portion of the Smith farm, the Smiths contend this creates a corridor or a narrow strip of land which was included in the annexation for the sole purpose of making the land in the subdivision contiguous with the Smith farm. In their brief the Smiths cite dictum of the court in the case of *State ex rel. Collier v. City of Pigeon Forge*, 599 S.W.2d 545 (Tenn.1980) as supportive of their contention. *Collier* involved the annexation of a tract of land "approximately one mile long and is situated astride Highway 441 with 200 feet on each side." As pertinent here, the court said:

> We should emphasize that this is not, as appellants insist, merely a "strip" or "shoestring" or "corridor" annexation, although it is long and lean. Such annexations, so long as they take in people, private property, or commercial activities, and rest on some reasonable and rational basis, are not *per se* to be condemned. *We do not deal with an annexation wherein a city attempts to run its corporate limits down the right-of-way of an established road without taking in a single citizen or a single piece of private property. Such an annexation is perhaps questionable* and is not here involved. As in any annexation, and more particularly one wherein a geometrically irregular parcel of land is annexed, the Court must scrutinize the stated and ostensible purpose of the annexation. (Emphasis ours.)

599 S.W.2d at 546.

It is the emphasized portion of the opinion quoted above on which the Smiths rely. However, as the court stated, it was not dealing with that kind of a situation. Nor are we dealing with that kind of a situation in the case at bar.

The Appellants cite numerous cases in their brief which stand for the proposition that a person may not be deprived of his constitutional equal rights or equal protection, but they are not controlling in the case at bar. On the contrary, we find the case of *State ex rel. Vicars v. City of Kingsport*, 659 S.W.2d 367 (Tenn.App.1983) to be controlling. In *Vicars*, as in the case at bar, the appellants contended their constitutional equal voting rights had been infringed upon. They alleged a referendum was originally held to annex a larger territory. That annexation was defeated by a vote of 426 against to 197 for annexation. The city then redrafted the boundaries of the territory to be annexed in a subsequent referendum to include a larger number of citizens who were in favor of annexation and to exclude a larger number who were opposed to annexation. They charged the city gerrymandered the boundaries to ensure an affirmative vote in the annexation referendum. The trial court found the plaintiffs' contention without merit and dismissed the complaint. On appeal this court affirmed the trial court, saying:

> Without summarizing the proof, we think it sufficient to say that the City of Kingsport properly followed the statutes in this annexation by referendum. Thus, no equal protection or due process argument of the 14th Amendment to the Federal Constitution can properly be made. *State ex rel. Wood v. City of Memphis*, 510 S.W.2d 889 (Tenn.1974); *Deane Hill Country Club v. City of Knoxville*, 379 F.2d 321 (6th Cir.1967).

In *State ex rel. Wood v. City of Memphis, supra*, our Supreme Court quoted at length from the U.S. Supreme Court case of *Hunter v. City of Pittsburgh*, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907). A part of the quote is:

"Municipal corporations are political subdivisions of the state, created as convenient agencies for exercising such of the governmental powers of the state as may be intrusted to them.... In all these respects the state is supreme, and its legislative body, conforming its action to the state Constitution, may do as it will, unrestrained by any provision of the Constitution of the United States.

In the *Wood* case our Supreme Court held: "Moreover, in annexation cases there is no equal protection or due process argument that can properly be made when the statute is properly followed."

659 S.W.2d at 369.

Since the Town of Church Hill correctly followed the statutes in its annexation referendum, we must affirm. The issues are found in favor of the Appellee. The decree of the trial court is affirmed. The cost of this appeal is taxed to the Appellants and the case is remanded to the trial court for any further necessary proceedings.

McMURRAY, J., concurs.

FRANKS, J., dissents.

FRANKS, Judge, dissenting.

None of the cases cited by the majority in my view is controlling. Most of the cases cited involve annexation by ordinance; moreover, both parties have obfuscated the issues by referring to these authorities in context with the annexation at issue.

The Town of Church Hill initiated this annexation by referendum which included a small populated residential area, a segment of the Holston River and the plaintiffs' large farm. The town acted pursuant to Tenn.Code Ann. § 6-51-104, which provides:

[W]hen petitioned by interested persons, or upon its own initiative, by resolution, may propose extension of its corporate limits by the annexation of territory adjoining to its existing boundaries.

The statute contemplates the annexation of a "territory" by this method and the "territory" must adjoin the municipality's existing boundaries. The town argues that only one "territory" has been annexed through its ingenious scheme of connecting the farm to the developed property by including a segment of the Holston river bed.

In my view, the farm and the developed area are two separate territories within the meaning of the statute. I do not believe it was the legislative intent to allow a municipality to connect two dissimilar areas by a river bed for the purposes of annexing by referendum.

A segment of the river standing alone could not be annexed by referendum for the obvious reason there are no voters to pass on the issue. Accordingly, when the river bed is removed, the farm and the developed area become two separate territories although "adjoining" the municipality. It is both unfair and not within the contemplation of the statute to unite two dissimilar territories by the river bed which could not be the subject of annexation by referendum. I would reverse on the grounds that the dissimilar territories do not become one by the inclusion of the river bed in the referendum ordinance and remand for separate referendums on the two territories annexed.