VANDERBILT UNIVERSITY *et al. v.* W. C. WILLIAMS *et al.*

(*Nashville.* December Term, 1925.)

1. **EASEMENTS.** Deed to lot calling for side of passageway with right of grantee to free and undisturbed use of one-half thereof, and denying right of obstruction, held to convey only an easement in such passageway.

Deed to lot calling for side of passageway with right in grantee to free and undisturbed use of one-half thereof as high as an archway over passageway, without right in any wise to obstruct same, *held*, to convey only an easement in such passageway. (*Post,* 669.)

2. **BOUNDARIES.** Generally, conveyances of land bounded by street or highway carry title to center of way, subject to public use.

Generally, conveyances of land bounded by a street or highway carry title to center of way subject to public use, unless there is something in description showing an intent to contrary, or unless circumstances are such that rule cannot be applied. (*Post, p.* 669.)

3. **BOUNDARIES.**

Legal terminus of a boundary by a monument is at central point of monument. (*Post, p.* 669.)

4. **BOUNDARIES.**

When way is called for as a boundary, center is intended. (*Post, p.* 669.)

5. **DEEDS.**

Ordinarily, grantor is presumed to have had no intention of reserving fee in boundary street or way, when its use has ceased to be of benefit to him. (*Post, p.* 669.)

6. **DEEDS.**

Whether grantor intends to reserve fee in boundary street or way when its use has ceased to be of benefit to him depends on intention of parties. (*Post, p.* 669.)

Vanderbilt University v. Williams.

Case cited and approved: Railroad v. Bingham, 11 S. W., 705.

7. **BOUNDARIES.**

Deed to lot, in which distances were short and given with extreme accuracy, manifested an indication that distances should control. (*Post, p.* 670.)

Case cited and approved: White v. Luning, 93 U. S., 514.

Case cited and distinguished: Pritchard v. Rebori, 186 S. W., 123.

8. **DEEDS.** Deed to lot calling for side of passageway, and granting an easement therein and indicting that distances should control, manifested an intention not to convey fee to passageway in view of improvements, and grantor's retention of lot abutting on other side of passageway.

Deed to lot calling for side of passageway, and granting easement in passageway and referring to permanent building on lot so as to indicate coincidence between its corners and walls and lines of such lot, and indicating that distances should control, grantor retaining ownership of lot abutting on other side of passage way from which lot improvements extended over passageway, *held* to manifest an intention not to convey fee therein. (*Post, pp.* 670, 671.)

Cases cited and approved: Hobson v. Philadelphia, 150 Pa., 595; Brown v. Oregon Short Line R. Co., 36 Utah, 257; Stearns v. Mullen, 4 Gray (Mass.), 151.

9. **EASEMENTS.** Owners of lots adjoining passageway with only right of easement therein had no rental rights in such passageway.

Owners of lots adjoining passageway owning only easements therein, and with no right to occupy passageway in any manner which would obstruct use thereof by the other, and either having adequate remedies to prevent such use, had no rental rights in such passageway. (*Post, p.* 672.)

10. **EASEMENTS.**

Owner of an estate, who enjoys an easement over another estate and acquires title thereto, thereby extinguishes easement. (*Post, pp.* 672, 673.)

11. **EASEMENTS.**

Easement and fee cannot exist in same party. (*Post, p.* 673.)

12. **EQUITY.**

Equity may not be invoked to supply a remedy until a right, legal or equitable, exists. (*Post*, p. 674.)

13. **MONEY RECEIVED.** Owner of lot adjoining passageway, without rental rights therein, is not accountable to adjoining owner without rental rights for rents received from tenant occupying passageway.

Owner of lot adjoining passageway, who was without any rental rights therein, is not accountable to adjoining owner for rents received from tenant occupying passageway without objection from adjoining owner who was also without rental rights in such passageway. (*Post*, p. 674.)

## FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. R. T. Smith, Special Chancellor.

S. L. Felts and Albert Williams, for appellants.

Jordan Stokes, Sr., and Louis Leftwich, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

This bill was filed to recover one-half of rents collected by defendant Williams from a fruit vendor, who had occupied a space in a passageway or alley, located between buildings owned respectively by the complainants and this defendant. It was originally charged that complainants had a perpetual easement for passageway use in one-half of this alley. At the hearing an amend-

ment was offered to the bill, and allowed to be made by the chancellor, so as to charge ownership of an undivided one-half interest in fee in the passage, or a private easement therein. The defendant opposed the granting of the amendment upon the ground of repugnancy.

The chancellor found that complainant Levine, the beneficial complainant, was entitled to recover one-half of the rents accruing from the lease of the alley and so decreed, adjudging that the respective owners of the properties adjoining the passageway were owners in fee simple as tenants in common of a one-half undivided interest each therein.

The court of appeals found that the amendment was repugnant and should not have been allowed, but, holding this immaterial, affirmed the decree of the chancellor as to results, with a slight modification in amount. The view of the court of appeals was that the respective parties owned each in fee a divided one-half of the strip of ground described and that they were tenants in common of an easement therein; that complainant could waive the tort arising out of the trespass and recover one half of the rents which had been received by defendant Williams, on the theory that their rental value would be the measure of damages for the trespass; that complainant was in reality suing for money had and received.

The lot or parcel of land, located in Nashville at the southeast corner of Third avenue and Public Square, was at one time owned by one Barrow; his ownership extending from the Public Square south along what is now Third Avenue North, so as to include the property of the complainants, the passageway in dispute, and the property now owned by defendant Williams. Barrow first sold, in

1820, by accurately stated measurements, the building and lot now owned by complainant Levine, retaining the adjoining property now owned by defendants; the deed containing a clause granting the passageway easement described, the description in the deed reading as follows:

"Being that part of the corner building of said Barrow, called Barrow's corner, marked No. 2 being part of the lot originally marked in the plan of said town No. ——, and now in the use and occupation of Arch and George McNeil as a store. Beginning on the Public Square and upper part thereof where College street meets said square directly in the angle made by said Public Square and College street, being the corner of said house No. 2, running thence up College street parallel with and on the same forty-three feet ten inches to a small alley or passage, thence at right angles with College street and parallel with said small passage or alley, eighteen feet two inches, thence at right angles with said last-mentioned line and the alley in the middle of the wall that divides said house from said Barrow's brick store that adjoins William Lytle's store forty-three feet ten inches to the Public Square, meeting the same at right angles, thence with said Public Square to the beginning, together with the free and undisturbed use forever of one-half of said small passage or alley as far as the same binds on the line hereinbefore set out and as high up as the arch in said buildings over said passage or alley, the same being designed as a free and undisturbed passway forever for said Barrow and his assigns forever without right in himself or said assigns in any wise to obstruct or stop up the same."

In this court we understand counsel for defendants to concede that the deed from Barrow, above quoted from, conveying the property to the ancestors of Levine, did not carry anything more than an easement in the adjoining passageway. In this we concur. The general rule undoubtedly is, as found by the court of appeals, that conveyances of land bounded by a street, or highway, carry the title to the center of the way, subject to the public use, unless there is something in the description showing an intent to the contrary, or unless the circumstances are such that the rule cannot be applied. Brewster on Conveyancing, p. 107. In the majority of jurisdictions this rule is extended to conveyances of lots abutting on public alleys.[1] However, this author in the same section says:

"The rule by which the mention of a way as a boundary is presumed to mean the center of the way, if it belongs to the grantor, is not an absolute rule of law irrespective of manifest intention, but is merely a principle of interpretation, adoted for the purpose of finding out the true meaning of the words used."

This rule of interpretation appears to rest partly upon the principle that the legal terminus of a boundary by a monument is at the central point of the monument —that when a way is called for as a boundary the center is intended—and partly upon the presumption that ordinarily the grantor has no intention of reserving a fee in the boundary street or way, when its use has ceased to be of benefit to him. But over all runs the rule requiring effect to be given to the intent of the parties. See Railroad v. Bingham, 11 S. W., 705, 87 Tenn., 525-526.

[1] We have a private passageway only in the instant case.

In the instant case it will be observed (1) that the distances are short and given with extreme accuracy, of which the land conveyed was more susceptible than in cases of conveyances of large tracts, being an indication that the distances should control.

In *Pritchard* v. *Rebori*, 186 S. W., 123, 135 Tenn., at page 334, Mr. Justice WILLIAMS says:

"The rule that course and distance yield to monuments or adjacent boundard lines is usually applied in fuller force to large boundaries of land in the country, where mistakes in the use of a surveyor's chain may easily occur, and with less potency to land in towns or cities. This for a manifest reason: 'Where the lines are so short as evidently to be susceptible of entire accuracy in their measurement, and are defined in such a manner as to indicate an exercise of care in describing the premises, such a description is regarded with great confidence as a means of asertaining what is intended to be conveyed.' *White* v. *Luning*, 93 U. S., 514, 23 L. Ed., 938."

And again (2) the building of a permanent character on the lot of land conveyed is referred to in such manner as to indicate coincidence between its corners and walls and the lines of the lot conveyed. Also (3) the fact that the grantor was retaining at the time ownership of the lot now owned by defendants, abutting on the other side of the passageway, not only destroys the presumption generally applying to conveyances made of land abutting on a way, for which he has no further apparent use, but supports a contrary presumption of an intention to retain ownership therein for the benefit of the adjoining lot retained by him, and especially is this true in view of the improvements extending over the passage-

way from the lot retained by the grantor. And finally (4) the express granting in the final clause above quoted of an easement for passage over this strip would seem, by fair implication, to indicate an intention not to convey the fee therein. Says the annotator in 2 A. L. R., page 17:

"It has been held that where, in connection with the description of premises abutting on a highway, an easement over the highway is expressly granted, the fee to the highway is excluded. *Hobson* v. *Philadelphia* (1892), 150 Pa., 595, 24 A., 1048; *Brown* v. *Oregon Short Line R. Co.* (1909), 36 Utah, 257, 24 L. R. A. (N. S.), 86, 102 P., 740."

This would seem to be an entirely reasonable rule of construction. A case very much in point is *Stearns* v. *Mullen*, 4 Gray (Mass.), 151, cited in 18 Am. & Eng. Ann. Cas. P., 76, wherein the deed described the premises as running to a passageway, and expressly conveyed to the grantee a right of way over such passageway, and it was held that the grantee's title to the fee did not extend to the center of the way.

The general note from which the foregoing quotation is taken is cited by the learned court of appeals for a statement of the general rule, but the conclusion herein reached, on the particular facts of the case before us, is in no way out of line with the authorities therein cited, and elsewhere to be found.

By subsequent conveyances out of Barrow and his successors in title, the property now owned by defendant Williams came to him under recitals which vest in him a like easement in this passageway.

In this situation, with neither of the parties owning the fee and with the right in neither to obstruct the easement right of passage belonging to the other, it appears that defendant Williams permitted the fruit vendor to occupy the space and collected the rent in dispute from him, without objection from the complainants, who, so this record discloses, have not had use for or shown any disposition to make use of the passageway. In this connection, it may be noted that the space described as a passageway or alley is what may be termed "blind," that is, does not run through from Third avenue to any open connection; and, moreover, there has been for many years no means of ingress or egress to this alleyway from the building or property of complainants, other than the opening on Third avenue.

In this situation we are unable to see how either of the parties, owning passageway easements only over the strip of land in question, have rental rights therein. Neither of them had or have the right to occupy the premises in any manner which would obstruct the use thereof by the other, and either has the right and adequate remedies to prevent such use by the other. We understand this to be substantially conceded by learned counsel for both parties.

Does the fact that defendant Williams has exercised such a manner and extent of use, either personally or through a third party as a tenant, as to have yielded to himself a profit in the form of rents, or otherwise, give rise to a liability on his part to account to the complainants for any part thereof? We are unable to perceive upon what ground this liability can be rested, so as to entitled the complainants to recover. The theory ad-

vanced for complainants is that while the deed from Barrow passed to complainants' ancestor an easement only in the passageway, a subsequent deed conveyed the lot now owned by defendants with a like easement in or over the same passageway, lying between the two lots, and that this granting of this right of use of this open way by both conveyances "operated to destroy the easement and create a fee." Counsel quote from 19 C. J., 945, under the title, "Merger by Unity of Title," and rely on the following:

"When the owner of an estate enjoys an easement over another estate and acquires title to the latter, the easement is thereby extinguished."

And counsel say: "It follows from this that if the owner of either one of these lots acquired the other lot, or if the two present owners should sell to the same party, this easement, if one existed, would be destroyed and such purchaser acquired an absolute title to the open way."

The rule of law is as stated, but the facts in the instant case are that the two lots adjoining on either side the way are now, and have always been since the conveyances out of Barrow and the creation of the easements, owned, not by the same, but by different, parties. Merger by unity of title has not therefore taken place, and the rule invoked is without application.

Neither complainants nor defendants, then, each having an easement only in this passageway, can now own the fee in the land, as these estates cannot coexist in the same party. A man cannot have an easement in his own lands. 19 C. J., 863, and cases cited.

152 Tenn.—43.

It is urged that equity calls for relief to the complainants. But it must be borne in mind that, while a court of equity will afford a remedy to save a right in accordance with the maxim, ''Equity will not suffer a right to be without a remedy,'' it is the remedy which is to be supplied, not the right. Equity may not be invoked to supply a remedy until a right, legal or equitable, exists. We think it clear that the owner of an easement only, of use as a passage has no right to rents arising from occupation of the land.

The decree of the court of appeals is reversed, and the bill dismissed.