IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

May 21, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

THOMAS G. HONEYCUTT and wife       )   KNOX COUNTY
FANNY M. HONEYCUTT                 )   03A01-9610- CH- 00329
                                   )
        Plaintiffs-Appellees       )
                                   )
                                   )   HON. FREDERICK D. McDONALD,
        v.                         )   CHANCELLOR
                                   )
                                   )
BOBBY JERALD PRICE and             )
wife BETTY J. PRICE                )
                                   )
        Defendants-Appellants      )   AFFIRMED AND REMANDED

DOUGLAS M. ANDERSON OF KNOXVILLE FOR APPELLANTS

THOMAS PRIVETTE, JR., OF KNOXVILLE FOR APPELLEES

O P I N I O N

Goddard, P.J.

Defendants Bobby Jerald Price and his wife, Betty J. Price, appeal a judgment of the Chancery Court for Knox County wherein the Court fixed the boundary line between property owned by them and property owned by Plaintiffs Thomas G. Honeycutt and his wife, Fanny M. Honeycutt, in accordance with the Honeycutts' insistence. (See Appendix.)

The undisputed proof shows that both tracts of land came from a common source and that the deed to the Honeycutts' predecessor in title was executed and recorded prior to the deed to the Prices' predecessor in title. In view of this and our determination that the other insistences of the Prices are unavailing, we are persuaded this is an appropriate case for affirmance under Rule 10(a) of this Court.

We do deem it appropriate, however, to comment on two specific issues raised by the Prices. They first insist that the Honeycutts are estopped by deed from contending the boundary line is as they insist. The Prices predicate this contention upon an instrument styled: "PERMANENT EASEMENT AND RIGHT OF WAY AGREEMENT" between the Honeycutts' (denominated as first parties) and the Prices' predecessors in title (denominated as second parties), which contains the following provisions:

the premises, described below to be used as a permanent non-exclusive easement of ingress and egress, over and through a portion of the property Northeast of a fence line owned by First Parties, SITUATE in the 8th (formerly 5th) Civil District of Knox County, Tennessee, without the corporate limits of the City of Knoxville, Tennessee, being more particularly described below, and extending to Tazewell Pike. Said easement line begins at an iron pin in the Northwest right of way line of Tazewell Pike and is more particularly described as follows:

BEGINNING at an iron pin in the Northwest line of Tazewell Pike corner to T. G. Honeycutt, said iron pin being distant 1285 feet, more of less, in a Northeasterly direction as measured along Tazewell Pike from Staley Road; thence from said iron pin in the line of T. G. Honeycutt, the following three calls and distances as follows: North 54 deg. 04 min. West, 51.13 feet to an iron pin; thence North 46 deg.

2

14 min. West along a fence line, 586.46 feet to an iron pin; and thence along a fence, North 85 deg. 58 min. West, 135.54 feet to an 8-inch cedar.

The purpose of this agreement is to grant a permanent non-exclusive easement Northeast of the above described line.

Second Parties, their heirs and assigns, are hereby expressly granted the right to assign this easement and right of way.

TO HAVE AND TO HOLD the said easement and right of way unto the Second Parties, their heirs and assigns, for the purpose of ingress and egress to and from the property of Second Parties, and by any person or persons desiring to use said easement and right of way at any time, it being First Parties' intent herein to grant an easement for permanent and non-exclusive use.

The line described is the line insisted upon by the Prices; however, it is clear that the line described is not intended to be a boundary line because the instrument provides that the easement granted was northeast of the "above-described line," which would not be the Honeycutts to convey if it was in fact the boundary line between the properties in question.

In our resolution of this issue, we do not discount the viability of the estoppel by deed doctrine, but simply find that it is inapplicable to the facts of this case.

The other point we believe deserves attention is the doctrine of merger which is also asserted by the Prices. The authors of American Jurisprudence, Second, with appropriate

citations, correctly state the doctrine, which is in accord with our case law:[1]

> § 117.   Merger of dominant and servient estates
>
> When one party acquires a fee title to both the servient and dominant estates, the easement merges into the interest of the servient estate and terminates. Such unity of possession destroys all existing easements, because a person cannot have an easement on land that he or she owns.  For an easement to be extinguished by merger, unity of title must exist in the same person, and ownership of the dominant and servient estates must be coextensive and equal in validity, quality, and all other circumstances of right.  No merger will occur if the easement benefits several estates and the owner of one parcel acquires a portion of the easement.  An easement will not merge when an intervening life estate prevents complete unity of ownership in the dominate and servient estates.

In this case the Prices contend that the only interests the Honeycutts "had northeast of their boundary were easement interests."  They then argue that under the provisions of T.C.A. 66-5-101[2] the Honeycutts transferred to the Prices' predecessor in title "everything they had northeast of their line as in this Indenture they represented said line to be."

If we correctly understand the Prices' insistence, there are two fallacies therein.  First, the instrument in question is clearly the conveyance of an easement rather than of a fee.  Second, the right-of-way was not exclusive, but also for

---

[1]   Vanderbilt University v. Williams, 152 Tenn. 664, 280 S.W. 689 (1926).

[2]   66-5-101.  Grants or devises passing full estate. -- Every grant or devise of real estate, or any interest therein, shall pass all the estate or interest of the grantor or devisor, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the instrument.  (Emphasis supplied.)

4

the use of third parties, thus precluding application of the doctrine to impair third-party rights.

For the foregoing reasons, the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Prices and their surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Don T. McMurray, J.


_____
Charles D. Susano, Jr., J.

5