# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 24, 2004 Session

# RUBY TUESDAY, INC. v. GERALD LARGEN

**Appeal from the Chancery Court for Roane County**

**FRANK W. WILLIAMS, III, CHANCELLOR**

**No. E2003-01795-COA-R3-CV** - FILED JUNE 30, 2004

This case started out as a dispute over the title to a twenty to thirty-five foot wide strip along a state highway. The Chancery Court of Roane County held that the defendant held the title, but that the plaintiff had an access easement over the property. The defendant asserts on appeal that the Court erred because the plaintiff never claimed an easement in its pleadings and that the Court simply created one. The plaintiff asserts that the Court erred in finding that the defendant held the title to the property. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

BEN H. CANTRELL, RETIRED JUDGE, delivered the opinion of the court in which HERSCHEL P. FRANKS, J. and D. MICHAEL SWINEY, J. concurred.

Gerald Largen, Kingston, Tennessee, pro se.

R. Louis Crossley, Jr., Knoxville, Tennessee, for the appellee Ruby Tuesday, Inc.

**OPINION**

**I.**

Prior to 1953, Ernest and Mildred Kubas owned a tract of land in Roane County. In that year they granted to the Tennessee Valley Authority an easement over part of the property to be used to relocate State Highway 61. TVA ultimately transferred the easement to Roane County. After the creation of the easement, Mr. and Mrs. Kubas conveyed a tract on the northern side of the new highway to Thomas and Wilma Walker, described as "approximately Two and One Half (2½) acres of ground... and being all of the property of the grantors on the northwest side of State Highway #

61 in Emory Gap." This property is now owned by the plaintiff, Ruby Tuesday, Inc. The deed to Ruby Tuesday, however, described the southern boundary of the property as "the northern boundary of the South Roane Street right-of-way." Highway 61 at the plaintiffs location is known as "South Roane Street," and the metes and bounds description in Ruby Tuesday's deed follows the northern boundary of the original easement given to TVA.

By 1964 the defendant, Gerald Largen had acquired the remainder of the Kubas property. His deed describes the total acreage they owned, less the property they had conveyed in prior deeds. One of these conveyances, of course, was the plaintiffs' property conveyed originally to the Walkers.

In August of 2001 the State of Tennessee executed and placed of record a Declaration of Abandonment covering a twenty to thirty-five foot wide strip on the northern edge of the easement running in front of Ruby Tuesday's restaurant. The abandoned strip covered all of the restaurant frontage except for a twenty-foot wide driveway Ruby Tuesday shared with an adjoining business at one end of its lot.

Ruby Tuesday and Mr. Largen both claimed the abandoned strip. On March 21, 2002, Ruby Tuesday filed a complaint in the Chancery Court of Roane County seeking a declaration of ownership of the property and a right to access over it to South Roane Street. Mr. Largen answered the complaint and asserted title to the property. He also denied that the plaintiff was entitled to any relief.

On March 10, 2003, the Chancellor entered a judgment declaring that Mr. Largen owned the abandoned strip, but that Ruby Tuesday had an easement for ingress and egress over the property to the street.

## II.

## TITLE

Ruby Tuesday bases its assertion that it has title to the property on the long-standing rule of deed construction in this state that a conveyance of property bordering on a street or highway is effective to grant title to the middle of the roadway. *See City of Nashville v. Lawrence*, 284 S.W. 882 (Tenn. 1926). This rule is sometimes stated as a rebuttable presumption. *id* at 888. The reason for the rule/presumption as stated in 12 Am. Jur. 2d Boundaries § 34 is that public policy frowns on leaving isolated strips of land in diverse ownership. But, in any event, the intent of the parties is to be carried out and the rule/presumption is simply a device to help in ascertaining that intent. *Vanderbilt University v. Williams*, 280 S.W. 689 (Tenn. 1926). When small parcels of property are conveyed and the distances are given with extreme accuracy, the presumption may be overcome and the distances held to control. *id* at 690.

> Where the lines are so short as evidently to be susceptible of entire
> accuracy in their measurement, and are defined in such a manner as

to indicate an exercise of care in describing the premises, such a description is regarded with great confidence as a means of ascertaining what is intended to be conveyed.

280 S.W. at 690 (quoting from *White v. Luning,*93 U.S. 514).

Passing over the question of whether the original deed from Kubas to the Walkers transferred all of the Kubases' property to the center of the highway, the subsequent deeds in Ruby Tuesday's chain of title are drawn with great precision and refer specifically to the edge of the highway easement. Ruby Tuesday's deed sets out the distances reaching to the easement and recites that it conveys a tract of land including "55,554.97 square feet" of area. It appears from an inspection of the plats in the record that if the deed conveyed the property to the center of the highway, the area would be nearly twice that.

We are convinced, therefore, that Ruby Tuesday's deed does not encompass the strip abandoned by the state. Therefore, the chancellor was correct in deciding that Ruby Tuesday did not have title to the property.

With respect to Mr. Largen's ownership. the question is not as clear. For him to prevail, the Court would have to find that the deed from Mr. and Mrs. Kubas to the Walkers did <u>not</u> cover the property to the center line of the highway. Mr. Largen, through his predecessors in title took only the property Mr. and Mrs. Kubas retained when they made the conveyance to the Walkers, among others. Walkers' deed does not contain precise measurements; the deed simply referred to a 2½ acre lot and referred to it as "All of the property of the grantors on the northwest side" of the highway. It is possible, of course, that Mr. and Mrs. Kubas meant "side" of the highway to refer to the easement, and if there is proof in the record to support that finding, then Mr. Largen is correct. A deed does not carry title to the center of the street where it calls specifically for the side of the street. *Iron Mountain R. Co. v. Bingham,* 11 S.W. 705 (Tenn. 1889).

In construing a deed the Chancellor's duty is to ascertain the grantor's intention from the words used in the deed and in consideration of the surrounding circumstances. *Russell v. Brown*, 260 S.W. 2d 257 (Tenn. 1953). In this case the Chancellor applied that test and found that the Kubases did not intend to convey the property to the center line of the street. The Chancellor relied on the fact that the Kubases retained some property, now owned by Mr. Largen, across the road. This factor was considered an important indication in *Vanderbilt University v. Williams*, 280 S.W. 689 (Tenn. 1926), that the grantor did not intend to convey an interest in an alleyway when he conveyed a building across the alley from his own property. It appears, however, that the property outside of the roadway easement at the time of the Walker deed, still owned by the Kubases across Highway 61, was so small that it is not much of a factor.

But other factors may be more of a key. As we have noted, when Ruby Tuesday's predecessor's in title (The Walkers and Browders) conveyed their property, they were careful to include a description that reached only to the highway easement. We think this fact brings into play

the rule of practical construction. Probably the best evidence of what was intended to be conveyed by a deed is the construction placed on the deed by the parties themselves. *Thornton v. Thornton*, 282 S.W. 2d. 361 (Tenn. App. 1955). Since the Walkers treated their deed as a conveyance only to the "side" of the highway, we think the Chancellor could logically infer that that construction represented the mutual intent of the parties in the original conveyance.

## III.

## <u>THE EASEMENT</u>

After finding that Mr. Largen and not Ruby Tuesday had title to the abandoned strip of highway property, the Chancellor ruled that Ruby Tuesday, nevertheless, had an access easement across the property. Mr. Largen attacks that part of the order on the grounds that Ruby Tuesday had not sought an easement and that the facts did not support the Chancellor's decision.

### A. The Pleadings

Mr. Largen asserts that since Ruby Tuesday did not seek an easement in its pleadings, the Chancellor erred in <u>sua</u> <u>sponte</u> awarding an easement. The support for this assertion is found in *Duncan, et al., v. Qualls, et al.*, No. M2002-00520-COA-R3-CV, filed in Nashville June 4, 2003. In that case, the pleadings described a boundary line dispute and the plaintiffs admitted on appeal that they did not seek an easement. When the Chancellor decided that the defendants had the better position on the boundary line, he awarded the plaintiffs an easement across the disputed area. Without a transcript or statement of the evidence, the Court of Appeals found that the award of the easement should be reversed. The Court said:

> In this case, it is undisputed that the Plaintiffs did not seek any type of easement over the Barber's land; rather, they sought only to establish that they owned it. It is possible, of course, for such an issue to be tried by implied consent of the parties. *See* Tenn. R. Civ. P. 15.02. In this case, however, the Plaintiffs did not argue that the issue was tried by consent. Indeed, even if they had, there is no transcript or statement of the evidence to support such an assertion. In view of the fact that the Plaintiffs did not seek an easement over the Barbers' land, this portion of the trial court's decision must be reversed.

*Duncan, et al., v. Qualls, et al.,* at * 3

In this case we are convinced that the issue of Ruby Tuesday's access across the abandoned property was actually tried. In both the original and the amended complaints Ruby Tuesday asked for a declaratory judgment on the question: "Does plaintiff have a right of access across the

abandoned area to reach South Roane Street?" It is true that Ruby Tuesday's claim of access was based on its claim of ownership, but the Chancellor did not create the easement out of thin air.

The record shows that Ruby Tuesday and its predecessors in title had access to the street across the abandoned strip if they needed it. If the highway had been abandoned altogether, Ruby Tuesday would still have an easement over the abandoned roadway for purposes of ingress and egress. The principle has been stated this way:

> Abutting owners of a public road have the right of ingress and egress. This is a private right, which cannot be taken away from them without compensation. It is true the county may abandon the road as a public road, and no longer work it, but it cannot deprive the owners of the private right above mentioned. This right is in its origin different from the easement which one man acquires through the lands of another by contract or prescription. It arises out of the fact that the owner is an abutting owner upon a public road.

*Hill v. Hoffman*, 58 S.W. 929 at 932 (Ct. Ch. App. 1899). This rule has been consistently followed in this state. *See Knierim v. Leatherwood*, 542 S.W. 2d 806 (Tenn. 1976); *Hill v. Pippin*, 984 S.W. 2d 617 (Tenn. App. 1998). Therefore, the Chancellor was simply stating a legal principle that had been recognized for more than a century.

## CONCLUSION

The judgment of the lower court is affirmed and the cause is remanded to the Chancery Court of Roane County for any further proceedings that may become necessary. Tax the costs on appeal equally to the appellant and the appellee.

_____
BEN H. CANTRELL, JUDGE