IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 5, 2020 Session

## KABIR AFZALI ET AL. v. SHIRZAD ETEMADI

**Appeal from the Chancery Court for Davidson County**
**No. 18-1053-II        Anne C. Martin, Chancellor**

_____

### No. M2019-01769-COA-R3-CV
_____

This appeal concerns a trial court's dismissal under Tennessee Rule of Civil Procedure 12.02(6) based on the affirmative defenses of res judicata and waiver. This is the second action between the parties involving the same real property. In the first action, the plaintiffs sought to enforce an option to purchase property they were leasing from the defendant. While the action was pending, the defendant recorded a document with the Davidson County Register of Deeds that purported to create an ingress-egress easement across the property to an adjoining tract he owned. During the pendency of the first action, the parties entered into a settlement agreement, pursuant to which the defendant agreed to sell the property to the plaintiffs, and the parties released all claims against each other. After the first action was dismissed, the plaintiffs discovered the purported easement, which prompted them to file a motion to set aside the dismissal. Meanwhile, the parties set a deadline for closing, and the defendant prepared a warranty deed that reserved the same easement he previously attempted to create. The plaintiffs insisted that the deed be rewritten without the easement. When the defendant refused, they proceeded with the closing. Shortly after the closing, the trial court denied the motion to set aside the dismissal of the first action. The plaintiffs recorded a Notice of Acceptance of Deed under Protest the day after the deed was recorded and commenced this action three weeks later. The complaint asserted that the defendant clouded the property's title by filing a defective easement and breached the settlement by delivering a deed that did not describe the property as bargained for. On the defendant's motion to dismiss, the trial court found the matter had been adjudicated in the first action and that the plaintiffs waived their claims by closing on the property. We have determined that neither the doctrine of res judicata nor the doctrine of waiver applies. Accordingly, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Robert John Notestine, III, Nashville, Tennessee, and David Mitchell Jones, Franklin, Tennessee, for the appellants, Kabir Afzali and Mirwais Afzali.

Christopher English Hugan, Nashville, Tennessee, for the appellee, Shirzad Etemadi.

# OPINION

## FACTS AND PROCEDURAL BACKGROUND

This is the second action commenced by Kabir Afzali and Mirwais Afzali (collectively, "Plaintiffs") against Shirzad Etemadi ("Defendant") concerning real property at 2204 Nolensville Pike in Nashville, Tennessee ("the Property").

### I. PRIOR ACTION TO ENFORCE OPTION TO PURCHASE

In June 2016, Plaintiffs commenced an action to enforce a lease agreement in which Plaintiffs had the option to purchase the Property from Defendant.[1] Defendant answered the complaint and filed counterclaims. On July 14, 2016, Plaintiffs recorded a lien lis pendens on the Property. The parties subsequently agreed that Plaintiffs would remit lease payments to the Clerk's Office and the Clerk would hold the funds pending further orders.

The case was set to be tried in June 2018. On March 5, 2018, Defendant filed with the Davidson County Register of Deeds a document titled "CREATION OF EASEMENT AND/OR RIGHT-OF-WAY FOR INGRESS-EGRESS," which purportedly created a two-lane access road extending from Nolensville Pike to an adjacent tract of land Defendant owned. Plaintiffs were not informed of this recording and remained unaware of the purported easement until late May 2018.

On May 25, 2018, a few days before trial, Plaintiffs and Defendant entered into a written Settlement Agreement pursuant to which Plaintiffs agreed to voluntarily dismiss their complaint and authorize the Clerk to remit the withheld lease payments to Defendant in exchange for Defendant's agreement to sell the Property to Plaintiffs.[2] In pertinent part, Defendant agreed to convey "good title" to the Property via "general warranty deed" for $525,000. Additionally, each party agreed to release the other from claims "as to breach of the [lease] and option to purchase, and all other claims related to or arising from similar transactions or occurrences." Acting in reliance on the Settlement Agreement, Plaintiffs filed their notice of voluntary dismissal, and the settlement was announced in open court

---

[1] Plaintiffs action was consolidated with *Mirzai v. Etemadi*, No. 16-646-I (Davidson County Ch. Ct. 2016), in which two other individuals, Shoaib Gulamjan and Gulamjan Mirzajan Mirzai, claimed a right to purchase the Property. Defendant settled the *Mirzai* claims in June 2018, and the Mirzais' claims are not at issue in this appeal.

[2] The purported easement was not mentioned in the Settlement Agreement.

immediately prior to the scheduled trial.[3] Thereafter, Defendant's attorney informed Plaintiffs about the purported easement. Plaintiffs then filed a motion to set aside the dismissal and requested relief from the "easement."[4] Defendant opposed the motion, arguing that the matter should be litigated in a new action based on the Settlement Agreement.

In the interim, Defendant's counsel prepared a warranty deed in which he reserved the same ingress-egress easement that Defendant purportedly created in March 2018. In addition, the deed exempted the easement from its covenant against encumbrances. When the deed was presented to Plaintiffs two days before the scheduled closing date of August 31, 2018, Plaintiffs insisted that the deed be rewritten, but Defendant refused. Choosing to proceed with the closing under protest, Plaintiffs tendered the purchase money, and Defendant delivered the executed warranty deed on August 31, 2018.

A few days later, the trial court entered an order denying Plaintiffs' motion to set aside the voluntary dismissal, and on September 6, 2018, Plaintiffs recorded the deed. The next day, Plaintiffs recorded a "Notice of Acceptance of Deed Under Protest." The document provided, *inter alia*, that Plaintiffs had "accepted delivery of the deed with protest and objection to the defective . . . easement."

Plaintiffs commenced the present action three weeks later, on September 28, 2018.

## II. ACTION FOR BREACH OF SETTLEMENT AGREEMENT, REFORM DEED, ETC.

The civil action at issue on appeal was commenced on September 28, 2018. As amended, the complaint asserts claims for Declaratory Relief to Quiet Title, Slander of Title, Reformation of the Defective Warranty Deed, Breach of Settlement Agreement, Request for Recovery Under Theory of Promissory Estoppel, and Injunctive Relief. Generally stated, the complaint asserts that Defendant slandered the Property's title by recording the "easement." It does not allege a breach of the option to purchase set forth in the lease agreement. Instead, it asserts that Defendant breached the sale terms set forth in the Settlement Agreement by delivering a title that reserved a right-of-way.

Plaintiffs contend they bargained for "good title," an unencumbered title, as it was when they filed their lien lis pendens on July 14, 2016, and Defendant's recording of the "easement" in March 2018 was a fraudulent conveyance because Defendant acted in anticipation of a judgment against him. Plaintiffs request an order voiding the March 2018

---

[3] Plaintiffs filed a proposed order dismissing the case without prejudice; however, the trial court rejected the order and entered an order dismissing the case with prejudice.

[4] Plaintiffs correctly argued that the purported easement was invalid because "the owner of a fee simple interest in property cannot also have an easement over the same property." *Hall v. Pippin*, 984 S.W.2d 617, 622 (Tenn. Ct. App. 1998); *see also Vanderbilt Univ. v. Williams*, 280 S.W. 689, 691–92 (Tenn. 1926); 28A C.J.S. Easements § 5.

filing; an order removing all reference to the right-of-way from the deed; an injunction to prevent Defendant from using the right-of-way; and an award of damages for the cost of litigation.

Defendant responded to the complaint by filing a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted. Defendant asserted, *inter alia*, the affirmative defenses of res judicata and waiver. Defendant argued that Plaintiffs could have litigated the easement dispute in the prior lawsuit because the Settlement Agreement arose out of the lease and purchase-option dispute. Relatedly, Defendant argued that Plaintiffs waived all matters "arising out of" the lease agreement and relinquished their claims by closing on the Property.

After a hearing, the trial court agreed with Defendant's arguments about res judicata and waiver:

> [T]he Chancellor [in the prior litigation] . . . took up the issue of the Easement in [Plaintiff]s' motion to [set aside]. Thus, that Court had the opportunity to rule on the exact same issue [Plaintiffs] present to this Court, and it has been fully adjudicated. They are not entitled to be reheard on the same issue[.]
>
> Second, . . . [Plaintiffs] waived their right to challenge the Easement, or any other existing dispute between them, when they closed on the sale of the Property on August 31, 2018. The Court appreciates [Plaintiffs'] position that they felt compelled to close, or otherwise lose the Property, but when they did so they waived their opportunity to dispute the Easement or further litigat[e] with [Defendant] regarding the Property per the express terms of the Settlement Agreement.

Accordingly, the trial court granted Defendant's motion and dismissed Plaintiffs' complaint. This appeal followed.

## ISSUES

Plaintiffs raise three issues on appeal:

1. Whether the trial court erred in dismissing Plaintiffs' complaint pursuant to Tenn. R. Civ. P. 12.02(6) by not considering whether the doctrine of equitable estoppel saved Plaintiffs' action from the bar of Res Judicata.

2. Whether the trial court erred in dismissing Plaintiffs' complaint pursuant to Tenn. R. Civ. P. 12.02(6) by not considering whether the doctrine of equitable estoppel saved Plaintiffs' action from the bar of waiver.

3.  Whether the trial court erred in dismissing Plaintiffs' complaint pursuant to Tenn. R. Civ. P. 12.02(6) in concluding that Plaintiffs contractually waived their right to contest the easement when they closed on the Property.

For his part, Defendant asks this court to affirm the trial court on all issues or, alternatively, to affirm on a different ground, under the doctrine of merger of contracts.

## STANDARD OF REVIEW

A trial court's decision to grant a Rule 12.02(6) motion to dismiss is a question of law that we review de novo with no presumption of correctness. *See Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). We will uphold the decision "only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief." *Smith v. Benihana Nat'l Corp.*, 592 S.W.3d 864, 870 (Tenn. Ct. App. 2019) (citing *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)).

When making our determination, "we are limited to an examination of the complaint alone." *Wells Fargo Bank, N.A. v. Dorris*, 556 S.W.3d 745, 756 (Tenn. Ct. App. 2017) (citing *Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990)). Moreover, we "do not consider the strength of the plaintiff's evidence; thus, all factual allegations in the complaint are accepted as true and construed in favor of the plaintiff." *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012).

## ANALYSIS

### I. EQUITABLE ESTOPPEL

In the first action, Defendant opposed Plaintiffs' motion to set aside the nonsuit by arguing, *inter alia*, that the Settlement Agreement was "a contract independent from [the lease agreement]." In this action, Defendant opposed Plaintiffs' complaint by arguing, *inter alia*, that the Settlement Agreement is "related to or arising from similar transactions or occurrences" as the lease agreement. Plaintiffs contend the doctrine of equitable estoppel prevents Defendant from changing his legal position. We find the doctrine of equitable estoppel inapplicable.

A party may assert the doctrine of equitable estoppel to prevent an opposing party "from gaining an unfair advantage by maintaining inconsistent legal positions." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 315 (Tenn. 2009). The party asserting estoppel, however, must have relied "on the conduct of the party estopped, and take[n] such action so as to change his or her position prejudicially." *Smith v. Hi-Speed, Inc.*, 536 S.W.3d 458, 482 (Tenn. Ct. App. 2016) (quoting *Osborne v. Mountain Life Ins. Co.*, 130 S.W.3d 769, 774 (Tenn. 2004)). In this case, Defendant did not induce Plaintiffs

to withdraw their motion to set aside the order of dismissal in the prior case and to file a separate action. In fact, Plaintiffs pursued the motion to set aside, which was ruled on and denied by the trial court in the first action. Thus, Plaintiffs did not "change [their] position prejudicially," or rely on the conduct of Defendant, as would be required to invoke estoppel.

## II. RES JUDICATA

"The doctrine of res judicata . . . bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009). Two suits are "the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions." *Id*. at 381. Even if "two claims arise out of the same transaction, the second suit is not barred by res judicata unless the plaintiffs had the opportunity in the first suit to fully and fairly litigate the particular issue giving rise to the second suit." *Id*. at 382.

For a Tenn. R. Civ. P. 12.02(6) motion to succeed on the doctrine of res judicata, "the applicability of the defense must 'clearly and unequivocally appear[ ] on the face of the complaint'" or be admitted by the party against whom it is asserted. *Jackson v. Smith*, 387 S.W.3d 486, 492–93 (Tenn. 2012) (quoting *Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 404 (Tenn. 2002). Otherwise, the party asserting the defense must prove it "with a copy of the judgment in the former proceeding." *Id*. at 492 n.10.

In this case, the applicability of the res judicata defense does not appear on the face of Plaintiffs' complaint, which does not mention the motion to set aside or the trial court's order denying it. The complaint at issue challenges, *inter alia*, Defendant's act of delivering a warranty deed that did not conform to the Settlement Agreement because the deed failed to convey "good title."

Moreover, the challenged deed was not executed, delivered, or recorded until after the first action had been dismissed and after Plaintiffs' motion to set aside the dismissal of that action had been denied. Accordingly, the claim that Defendant breached the Settlement Agreement by not delivering a deed that conveyed good title could not have been adjudicated in the first action.

Thus, we respectfully disagree with the trial court's conclusion that Plaintiffs' claim that Defendant breached the Settlement Agreement by not delivering a deed that conveyed good title was or could have been adjudicated in the first action. Accordingly, the doctrine of res judicata does not bar this claim.

## III. WAIVER

As an alternative ground for dismissing the complaint, the trial court found Plaintiffs waived their right to challenge the easement "per the express terms of the Settlement Agreement." Plaintiffs contend this was error because the release provision in the Settlement Agreement applied only to "the [lease] and option to purchase, and all other claims related to or arising from similar transactions or occurrences" and not to the breach of Defendant's obligation to convey good title in the future.

"[T]he scope and extent of a release depends on the intent of the parties as expressed in the instrument . . . ." *Carter v. Batts*, 373 S.W.3d 547, 551–52 (Tenn. Ct. App. 2011) (quoting *Louis Dreyfus Corp. v. Austin Co., Inc.*, 868 S.W.2d 649, 654 (Tenn. Ct. App. 1993)). "[T]his intention is to be determined with a consideration of what was within the contemplation of the parties when the release was executed, which in turn is to be resolved in the light of all of the surrounding facts and circumstances under which the parties acted." *Burks v. Belz-Wilson Properties*, 958 S.W.2d 773, 776 (Tenn. Ct. App. 1997) (quoting *Richland Country Club, Inc. v. CRC Equities, Inc.*, 832 S.W.2d 554, 557 (Tenn. Ct. App. 1991)).

The trial court concluded that Plaintiffs waived their claims based on the following language in the Settlement Agreement:

> [U]pon the closing of the sale of the Property to the Buyers, Buyers and Seller will release any all claims against each other as to breach of the Afzali Lease and option to purchase, and all other claims related to or arising from similar transactions or occurrences.

We respectfully disagree that the express terms of the Settlement Agreement released Defendant from his contractual obligation to convey good title to the Property. This is evident from the express statement in the Settlement Agreement that "Notwithstanding the forgoing [sic], the Parties do not release each other from any claims that may arise for non-performance under this Settlement Agreement."

Thus, we respectfully disagree with the trial court's conclusion that Plaintiffs waived their claim that Defendant breached the Settlement Agreement by not delivering a deed that conveyed good title. Accordingly, the doctrine of waiver does not bar this claim.

## IV. MERGER DOCTRINE

Defendant asserts that the doctrine of merger is an alternative basis upon which this court can affirm the trial court's decision to dismiss the complaint for failure to state a claim upon which relief can be granted. As stated in his brief, "This Court can affirm a trial court's decree correct in result, but upon different grounds." Defendant is correct in stating

that we may affirm a trial court "on different grounds,"[5] but the facts of this case, specifically the allegations in the amended complaint, do not merit such a decision.

"The principle of merger, or more accurately integration, states that prior or contemporaneous negotiations and agreements are integrated into a contract intended by the parties to be a complete expression of their agreement." *GRW Enterprises, Inc. v. Davis*, 797 S.W.2d 606, 610 n.2 (Tenn. Ct. App. 1990). We have recognized that this principle applies equally to contracts for the sale of land:

> [W]hen "an executory contract has been entered into between the parties for the sale and purchase of real estate, and subsequently the property is conveyed by a deed to the purchaser named in the contract, that the contract of sale being merely an executory contract merges into the deed and the deed, therefore, becomes the final contract which governs and controls."

*City of Memphis for Use & Benefit of State v. Moore*, 818 S.W.2d 13, 15–16 (Tenn. Ct. App. 1991) (quoting *Fuller v. McCallum & Robinson*, 118 S.W.2d 1028, 1037 (Tenn. Ct. App. 1937)).

Importantly, application of the merger doctrine requires a finding that the purchaser **accepted** the deed "as performance of a contract to convey." 26A C.J.S. Deeds § 221; *see, e.g.*, *Cappiali v. Williams*, No. 01-A-019110-CV-00384, 1992 WL 19252, at *5 (Tenn. Ct. App. Feb. 7, 1992) ("It has been held that, where the purchaser pays the purchase price **and accepts** a deed he waives the right to recover [for a deficiency]." (citing 92A C.J.S. Vendor and Purchaser § 555)). This requirement follows the principle that "to make out a case of abandonment or waiver of a legal right, there must be a clear, unequivocal and decisive act of the party, showing such a purpose." *Koontz v. Fleming*, 65 S.W.2d 821, 825 (Tenn. Ct. App. 1933) (quoting *Ross v. Swan*, 75 Tenn. 463, 467–68 (1881)).

Evidence that a deed was recorded creates a presumption of delivery and acceptance. *Manning v. Snyder*, No. E2008-00183-COA-R3-CV, 2009 WL 792821, at *3 (Tenn. Ct. App. Mar. 26, 2009) (citations omitted). This presumption may be rebutted with clear and convincing evidence to the contrary. *Id*. at *4 (citing *Jones v. Jones*, No. 01-A-019005-CH-00192, 1991 WL 129197, at *4 (Tenn. Ct. App. July 17, 1991)). Thus, there is "no invariable mark of finality for a deed—whether it be the act of writing, or of sealing, or of manual delivery, or of the public recording." *Ellison v. Garber*, 287 S.W.2d 564, 568 (Tenn. Ct. App. 1955) (quoting 9 Wigmore on Evidence § 2408, p. 26 (3rd Ed.)). Rather, "the circumstances in each case must control." *Id*.

---

[5] *See Kinard v. Nationstar Mortg. LLC*, 572 S.W.3d 197, 207 (Tenn. Ct. App. 2018) ("[W]e are free to affirm the dismissal of a claim on different grounds than relied upon by the trial court if it is appropriate . . . .").

Consistent with the foregoing principles, in *Cappiali v. Williams* we affirmed a finding that the plaintiff waived his right to recover for an alleged breach of the sales contract when there was "no evidence of any complaint as to this omission or insistence that [the] deed conform to the contract until long after the acceptance of the deed." 1992 WL 19252, at *4. On the other hand, in *Early v. Street*, 241 S.W.2d 531 (Tenn. 1951), the Tennessee Supreme Court found the plaintiffs "did not acquiesce in or intend to accept th[e] deed for the purpose of considering it as an acceptance" because the plaintiffs "immediately employed counsel" and filed a complaint "within 10 days after the recordation of the deed." *Id*. at 534; *accord Chavez v. Gomez*, 423 P.2d 31, 34 (N.M. 1967) ("There is evidence that plaintiff learned of the title defects before accepting the deed, that she insisted that defendant comply with the contract, that defendant refused to comply[,] and that[,] after acceptance of the deed, a quiet title suit was brought. This evidence supports the finding that plaintiff had not waived her right.").

Plaintiffs' complaint concedes that they tendered the purchase price and recorded the deed. Significantly, however, the complaint also alleges that they insisted on the removal of the easement language from the deed, that Defendant refused to make any changes, and that Defendant executed the deed without changes on August 31, 2018. As shown in an attachment to the complaint, Plaintiffs' counsel recorded the Notice of Acceptance of Deed under Protest within seven days of the closing, and they commenced this action three weeks later.

Based upon these facts and following the reasoning of our Supreme Court in *Early v. Street*, the alleged facts show Plaintiffs "did not acquiesce in or intend to accept th[e] deed for the purpose of considering it as an acceptance." *See Early*, 241 S.W.2d at 534. Because Plaintiffs alleged facts that rebut the presumption of acceptance, it is premature and not appropriate for this court to render a decision based on the doctrine of merger.

## IN CONCLUSION

Based on the foregoing, we reverse the trial court's judgment and remand for further proceedings with costs of appeal assessed against Shirzad Etemadi.

_____
FRANK G. CLEMENT JR., P.J., M.S.